The State v. Coletti.

---

No. 21,594.

THE STATE OF KANSAS, *Appellee and Appellant,* v. JOHN CO-LETTI and LORENZO PERELLO, *Appellants and Appellees.*

No. 21,595.

THE STATE OF KANSAS, *Appellee and Appellant,* v. NICK BONKA and LORENZO PERELLO, *Appellants and Appellees.*

No. 21,596.

THE STATE OF KANSAS, *Appellee,* v. NICK BONKA and LORENZO PERELLO, *Appellants.*

SYLLABUS BY THE COURT.

1. CONSTITUTIONAL LAW—*Amendment of Statute by Implication.* The provisions of section 16 of article 2 of the state constitution that "no law shall be revived or amended unless the new act contain the entire act revived or the section or sections amended, and the section or sections so amended shall be repealed" has no room for application

to an amendment by implication. (*Parker-Washington Co. v. Kansas City*, 73 Kan. 722, 85 Pac. 781.)

2. APPEAL BONDS—*Misdemeanor Cases—Not Bail Bonds*. Chapter 188, Laws of 1915 (Gen. Stat. 1915, §§ 8201-8204), providing for appeals from convictions in misdemeanors, and which requires the defendant to give a bond conditioned upon the payment of the fine and costs, and also a bond conditioned that he will not violate the law under which the conviction was obtained, is not obnoxious to section 9 of the bill of rights, which provides that "excessive bail shall not be required."

3. APPEALS—*Power of Legislature to Impose Terms*. It is within the power of the legislature to impose additional requirements upon the exercise of the right to appeal to the supreme court from a criminal conviction, notwithstanding the provisions of section 8197 of the General Statutes of 1915, which gives such an appeal "as a matter of right."

4. SAME—*Appeal Bonds for Protection of State*. The provisions of section 8206 of the General Statutes of 1915 (Crim. Code, § 287), that the bond to stay the judgment of conviction shall be approved by the trial court or the judge thereof, or the supreme court or any justice thereof, is for the protection of the state alone, and not for the benefit of the defendant or his surety, and may be waived by the state; and the failure to have the bond approved cannot be taken advantage of by the principal or the surety in an action to recover on a bond.

Appeals from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed February 9, 1918. Affirmed.

*Edward E. Sapp*, of Galena, and *A. L. Majors*, of Columbus, for the appellants.

*S. M. Brewster*, attorney-general, *Don H. Elleman*, county attorney, and *F. W. Boss*, of Columbus, for the appellee.

The opinion of the court was delivered by

PORTER, J.: These actions were brought for the collection of the amount claimed to be due the state on bonds given in appeals to the supreme court from convictions under the prohibitory law. The district court rendered judgment against the appellants.

The bonds were given under section 1 of chapter 188 of the Laws of 1915 (Gen. Stat. 1915, § 8201), which provides that any person convicted of a misdemeanor may appeal to the supreme court by complying with the laws then in force and giving (1) a bond in double the fine and costs, conditioned upon the

payment thereof within thirty days after the affirmance of the judgment by the supreme court, or the final disposition of the case in any other way, and (2) a bond in an amount to be fixed by the trial judge, conditioned that pending the appeal the defendant will not violate the law under which the conviction was obtained.

1. In two of the cases it is contended that the provisions of the statute are in conflict with section 16 of article 2 of the constitution of the state, which provides, among other things, that—

"No law shall be revived or amended unless the new act contain the entire act revived or the section or sections amended, the section or sections so amended shall be repealed."

It is a sufficient answer to say that the provision of the constitution referred to has no possible application to an amendment by implication, and there is no claim that the statute amends the prior statutes in any other way than by implication. (*Parker-Washington Co. v. Kansas City,* 73 Kan. 722, 85 Pac. 781; *The State, ex rel., v. Cross,* 38 Kan. 696, 17 Pac. 190, and cases cited in the opinion; 36 Cyc. 1062, 1063, and cases cited.)

2. In the same two cases it is also urged that the statute is in conflict with section 9 of the bill of rights, which provides that "excessive bail shall not be required." There is no question of excessive bail involved in the giving of the bonds upon which the actions were brought.

3. There is a contention that the statute is in direct conflict with section 8197 of the General Statutes of 1915, which gives to the defendant in a criminal action an appeal to the supreme court from any judgment against him "as a matter of right," but if there be any conflict between that statute and chapter 188 of the Laws of 1915, the later enactment must prevail; it would simply be a question of conflict between two statutes. There is, however, no conflict. By the later enactment the legislature recognized that the defendant in such cases has an appeal "as a matter of right," but saw fit to impose as an additional requirement the giving of the bonds to secure the payment of the fines and to prevent further violations of the law while the appeal was pending. Besides, there is no constitutional provision which would prevent the legislature from depriving the defendant in a misdemeanor case of all right

to an appeal to the supreme court. This court has no appellate jurisdiction except that given it by the legislature. Section 3 of article 3 of the constitution first defines the original jurisdiction of the supreme court and then gives to the court "such appellate jurisdiction as may be provided by law."

4. In the remaining case (No. 21,595), but one contention is made, which is that the bond sued upon is invalid because it was not approved by the trial court or judge thereof, or by the supreme court, or some justice thereof, in compliance with the provisions of section 8206 of the General Statutes of 1915. The appellants rely upon the case of *Morrow v. The State,* 5 Kan. 563, in which a recognizance was held void because it was taken before the clerk, acknowledged before him, and approved by him, the clerk having no authority in the premises. The decision was placed squarely upon the proposition that the law requires a recognizance to be taken by order of the court, and where the instrument shows upon its face that it was not so taken, it is void. The distinction between a recognizance and an appeal bond is stated quite fully in 3 Corpus Juris, pages 1104, 1105, and in Bouvier's Law Dictionary, title "Bail." A recognizance is an obligation of record, which must be taken by the court and, when entered, becomes in the nature of a conditional judgment against the recognizer. An appeal bond is a voluntary obligation entered into by the principal and his sureties. The purpose of the appeal bonds given in the present case was to secure the state against loss if it should be determined there was no merit in the appeal, or in the event the appeal should not be prosecuted with effect. A general purpose of the requirement of appeal bonds, also, is to discourage vexatious and frivolous appeals.

The appellants are not in a position to take advantage of the failure of the state to have the bonds formally approved. If the principal in the bonds desired to insist upon their approval, he might have refused to accept his liberty and remained in the custody of the sheriff until the bonds were approved. The provision was not made for the benefit either of the principal or the surety, but solely to protect the interests of the state and prevent the acceptance of worthless bonds. Since it was for the state's benefit alone, it was a provision that might be waived by the state. The bonds, without

being approved, served the purpose for which they were given, so far as the appellants are concerned, quite as fully as though formally approved. The principal was allowed his liberty, and, having secured all the benefits of the bonds, he, and his surety as well, are estopped from claiming that the bonds were not sufficient.

It follows that the judgments are affirmed.