No. 29,273.

In re Application of JOHN MICK for Writ of Habeas Corpus, *Petitioner*, v. CLYDE C. WILSON, Sheriff, etc., *Respondent.*

(287 Pac. 257.)

Opinion filed May 3, 1930.

*David Ritchie*, of Salina, for the petitioner.

*William A. Smith*, attorney-general, *R. O. Mason*, assistant attorney-general, and *Ralph H. Noah*, county attorney, for the respondent.

The opinion of the court was delivered by

DAWSON, J.: The petitioner, John Mick, invokes the original

jurisdiction of this court in habeas corpus to secure his release from the Mitchell county jail.

On March 2, 1927, Mick was arrested by the sheriff of Mitchell county on charges of various infractions of the prohibitory law. On arraignment on January 12, 1928, he pleaded guilty to one count of unlawful possession of intoxicants, and was sentenced to thirty days in jail and to pay a fine of $100 and costs.

Upon Mick's application execution was stayed until the following day so that he might submit a showing to justify the court in granting him a parole. This matter was again passed over until January 14, 1928, at which time defendant submitted a petition with 107 signatures praying the court to grant Mick a parole. A doctor also gave evidence touching the state of Mick's health. Thereupon the court continued the application for a parole until the next term of court and granted a stay of execution until that time. For several succeeding terms of court the matter was similarly continued and execution stayed—sometimes upon application of Mick or his counsel, but on one or two instances the judge's notes (which were the only record) do not show why it was continued.

The deposition of the county attorney who prosecuted Mick avers that he objected to a continuance and stay at the January term, 1928, and advised the court that Mick should be put in jail. He also avers that at no time did he consent to a continuance.

The sheriff testified that he personally knew that the county attorney did not consent to a continuance at either the April or September terms of that year.

A new county attorney was inducted into office in January, 1929. He deposed:

"At the January term of the district court of Mitchell county, 1929, . . . the weather was bad and we set several days for the hearing on the parole of John T. Mick in case No. 841, at all of which times . . . [the] attorney for Mr. Mick had some excuse for not taking this matter up, his witnesses or the defendant being absent each time, and the case was carried over until the 18th day of February, 1929, when . . . [counsel for Mr. Mick] made an oral request for continuance for the term, and due to the inability to secure witnesses the court granted this over the objection of the county attorney and sheriff. At the April term of court . . . on application of the defendant the case was again continued until the September term. At the September term the case came on for hearing and the defendant was committed to the county jail of Mitchell county, [September 23, 1929] and was released on bond after the habeas corpus proceeding was commenced in this court."

On January 26, 1929, the petitioner paid the fine and costs.

Counsel for the petitioner propounds two questions for our determination:

"1. Has the district court or any other court the right to sentence a person to any punishment without any plea of guilty or finding of guilty of any offense whatever?

"2. Did the district court have any authority to continue this case from time to time from January 12, 1928, until September 23, 1929, and then without further authority commit the petitioner?"

The first of these propositions is provoked by the mere paucity of recitals in the original journal entry of judgment. It failed to state that on arraignment defendant pleaded guilty. That defect, however, has now been corrected by an amended journal entry which, of course, the trial court had a perfect right to make, notwithstanding the pendency of this proceeding in habeas corpus. (*State v. Johnson,* 91 Kan. 180, 136 Pac. 940; *State, ex rel., v. City of Stafford,* 99 Kan. 265, 269, 161 Pac. 657.) Moreover, in his application for the writ the petitioner himself supplied the fact which was wanting in the original judgment roll. He alleged:

"Comes now said petitioner, John Mick, and shows . . . that on the ―― day of January, 1928, he was convicted for violating the prohibitory liquor law of the state of Kansas, by the district court of Mitchell county, Kansas, . . . "

Touching the second proposition raised on petitioner's behalf, the court holds that while the practice of deferring for extended periods, or from term to term, the judicial determination of any matter addressed to the trial court's discretion cannot be commended, yet here it appears that the long delay in issuing a commitment for the petitioner's incarceration was brought about by his own maneuvers —his application for a parole, the showing that his health would be jeopardized by putting him in jail, and his repeated applications to have the action on the matter postponed and continued. (*In re Jackson,* 107 Kan. 167, 190 Pac. 608.) The court discerns no substantial analogy between the instant case and those cited by counsel for the petitioner—*In re Strickler,* 51 Kan. 700, 33 Pac. 320; *State, ex rel., v. Sapp,* 87 Kan. 740, 125 Pac. 78; *In re Krig,* 105 Kan. 695, 185 Pac. 1044. Here there was no uncertainty of sentence, nor did its execution depend upon the future good behavior of the petitioner or other contingency not sanctioned by statute. In this case, also, as in *State v. Massa,* 90 Kan. 129, 132 Pac. 1182, the judgment of

January 12, 1928, has become unassailable; and as the jail sentence has not yet been fully executed the petitioner's release by habeas corpus must be denied, and he is remanded to the custody of the sheriff of Mitchell county. (*State, ex rel., v. Piper*, 103 Kan. 794, 176 Pac. 626.)

The writ is denied.