No. 40,031

In the Matter of the Estate of W. W. Hill, Deceased. MYRTLE B.
HILL, *Appellant*, v. WILLIAM ELMER HILL, *Appellee.*

(297 P. 2d 151)

Opinion filed May 5, 1956.

*Roscoe W. Graves,* of Emporia, argued the cause and was on the briefs for the appellant.

*Everett E. Steerman* and *Elv'n D. Perkins,* both of Emporia, argued the cause and were on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal arises out of proceedings in connection with the probate of a last will and testament and codicil thereto. Because of the disposition being made of the appeal, a rather limited statement of the facts will be sufficient to illustrate the question under consideration and to show the basis of our decision.

W. W. Hill and his wife Myrtle were married in 1917 and resided on his 160-acre farm in Lyon County consisting of two 80-acre tracts separated by a road. There were no children of this marriage but each had children by a former marriage.

In 1945 Mr. Hill executed a last will and testament by the terms of which his wife Myrtle was devised one of the 80-acre tracts for her lifetime or so long after his death as she lived thereon and did

not remarry. The will made other provisions for Myrtle and various other persons not here material. Attached to the will was Myrtle's written consent in which she accepted the provisions therein made for her.

A few years later both Mr. Hill and his wife became in ill health and discussed the matter of buying a home in Emporia where medical care and treatment would be more accessible. In February, 1952, while Myrtle was in an Emporia hospital as a result of a major operation, Mr. Hill purchased an Emporia residence in the name of himself and his wife as joint tenants. Following her release from the hospital they lived in this property.

On August 29, 1952, Mr. Hill executed a codicil to his 1945 will. This codicil substituted another person as executor-trustee for the one named in the will and made no other change in the terms and provisions of the will. Myrtle did not consent to this codicil and apparently knew nothing about it until after Mr. Hill's death which occurred on October 15, 1952.

The will and codicil were offered for probate. Myrtle filed an election to renounce the provisions made for her in the will and to take under the law. She also petitioned for an order setting aside the two 80-acre tracts to her as her homestead. Each of these elections and petitions was denied by the probate court, the will and codicil were admitted to probate, and Myrtle appealed to the district court.

In the district court considerable evidence was introduced, and at the conclusion thereof the court found that Myrtle had not been unduly influenced to sign the consent to the will of her husband; that she had voluntarily consented thereto after having been fully advised of her rights, and that she and her husband had abandoned their homestead rights to the farm when they purchased a residence property in Emporia and occupied the same as their home. As conclusions of law the court held that the codicil executed by Mr. Hill, wherein he designated a new executor-trustee, did not have the effect of nullifying Myrtle's consent to his will; that the Emporia residence property should be set aside to Myrtle as her homestead, and that she was entitled to her widow's allowance as provided by statute.

This judgment was rendered on February 5, 1955, and, following the overruling of her motion for a new trial, Myrtle has appealed, alleging five specifications of error.

In this court the appellee, a son of the testator, has filed a motion to dismiss the appeal for the reason and on the ground that Myrtle, by her subsequent actions, has acquiesced in the judgment below and is therefore precluded from seeking appellate review thereof.

The question arises in this manner:

In June, 1955, subsequent to the filing of this appeal, Myrtle filed a petition in the probate court in which she alleged that under paragraph 1 of decedent's will she was devised a life estate in the described 80-acre tract, and that by virtue of such provision she was entitled to proceeds of crops grown on the tract during the 1953 and 1954 crop years. Following a hearing thereon the executor was directed to pay over these funds to Myrtle. This ruling was appealed to the district court, and after a full hearing the ruling of the probate court was, on March 3, 1956, sustained and affirmed.

This court is reluctant to deny litigants their right to a review of questions on the merits, but, nevertheless, the rule is firmly established that anything that savors of acquiescence in a judgment cuts off the right of appellate review thereof. A few of our decisions in which the rule has been adhered to are: *Mann v. Mann,* 140 Kan. 538, 38 P. 2d 147; *Anderson v. Carder,* 159 Kan. 1, 150 P. 2d 754; *Sisk v. Edmonston,* 163 Kan. 394, 182 P. 2d 891, and *Rose v. Helstrom,* 177 Kan. 209, 277 P. 2d 633.

The effect of the judgment from which this appeal was taken is to uphold the will and codicil in their entirety. While there are several facets of the appeal, the substance of it, and the actual relief sought, is to set aside the will and codicil. Myrtle's petition to receive crop rentals from the 80-acre tract is predicated and based upon the mentioned provision in the will, whereas the validity of that instrument is challenged in this very appeal. In other words, she sought and received benefits under the will and, at the same time, is attacking the entire instrument. In so doing she is in effect recognizing the validity of the court's judgment upholding the will, and, on the other hand, is seeking to overthrow it. The positions are inconsistent, and her subsequent action in practical effect amounts to an acquiescence in the very judgment from which she is appealing.

Under the circumstances the appeal must be and is therefore dismissed.