No. 43,374

STATE OF KANSAS, *Appellant,* v. CHARLES ORAL MORSE, *Appellee.*

(380 P. 2d 810)

Opinion filed April 6, 1963.

*Robert S. Luke,* county attorney, argued the cause and was on the briefs for the appellant.

*Floyd E. Gehrt,* of Topeka, argued the cause, and *Robert L. Kimbrough,* of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: On April 13, 1962, defendant was arrested by a highway patrolman for the alleged offense of driving an automobile while under the influence of intoxicating liquor and transporting an open bottle. The defendant was taken before the county court and formally charged with violating G. S. 1949, 41-804, and G. S. 1959 Supp., 8-530. On the same day the defendant entered a plea of guilty to the charges, and the county court accepted his plea. The defendant was sentenced to seven days in jail and assessed fines and costs totaling $139.65. Immediately the defendant began serving the imposed sentence in the county jail, and three days later, on April 16, he was granted, and he accepted, a parole and paid his fines and costs. At no time did the defendant file an appeal from the judgment imposing the fines and imprisonment. (G. S. 1949, 63-401.)

On May 26, long after defendant had paid his fines and costs and accepted a parole, and after the time for appeal had expired from the judgment and sentence, he filed a motion to withdraw his plea of guilty and to set aside the judgment based thereon. The county court overruled this motion, and the defendant appealed from that order to the district court. The district court heard defendant's motion, entered an order allowing defendant to withdraw his plea of guilty and ordered the judgment and sentence of the county court vacated and set aside. From this order the state has appealed. (G. S. 1949, 62-1703.)

The determinative question in this case is whether under the circumstances the district court had the power to entertain defendant's appeal from the county court's order denying defendant the right to withdraw his plea of guilty. Assuming, without deciding, that the county court could hear a timely motion to withdraw a plea and set aside a conviction in a proper case, the defendant in the instant case could not avail himself of this remedy. He made no attempt to appeal (G. S. 1949, 63-401), but served three days of his sentence, accepted a parole for the remainder of his sentence, and paid the fines and costs before he filed his motion to withdraw his plea and vacate the judgment.

The procedural rule that applies under such facts and circum-

stances was considered in the case of *Wilhite v. Judy,* 137 Kan. 589, 21 P. 2d 317. In that case the appellant was arrested for a city traffic violation. He put up a cash appearance bond. He appeared in police court and was convicted. He gave authorization to the chief of police to take the amount of the fine out of his cash bond. Three days later appellant appeared before the police judge with an appeal bond and asked that it be accepted. It was refused. From the order of the police court appellant then brought mandamus action in the district court to compel the police judge and the clerk of the court to accept and approve his appeal bond. The trial court refused the appellant's requested writ. This court affirmed the district court and stated:

"When the adjudged fine had been paid as the plaintiff directed, the judgment was satisfied and discharged and the prosecution effectually ended. The payment constituted an acquiescence of the judgment and necessarily defeats an appeal." (p. 590.)

In the case of *In re Bair,* 166 Kan. 228, 199 P. 2d 807, the district court dismissed an appeal from the police court because the evidence clearly showed that while in the police court the defendant voluntarily paid the fine and costs. This court stated:

"One who was arrested in police court for being drunk upon the streets of a city, and who was sentenced to pay a fine and costs and committed to the city jail for thirty days, who voluntarily paid the fine and costs and was committed to jail, has waived his right to appeal from the conviction and sentence." (Syl. 2.)

(See, also, *State v. Massa,* 90 Kan. 129, 132 Pac. 1182; 4 Am. Jur. 2d, Appeal and Error, § 272, p. 766; 24 C. J. S., Criminal Law, § 1668, p. 1049; Anno. 42 A. L. R. 2d 995, 1007.)

In the instant case the defendant, by entering his plea of guilty of the offenses charged in the county court, by serving a portion of the sentence and accepting the parole granted by that court, and by voluntarily paying the fines and costs assessed, has recognized the validity of the judgment and acquiesced therein and is thereby precluded from reviewing the conviction or filing a motion to withdraw his previous plea of guilty, and his right to a review of the conviction by an appellate court is barred.

In view of the circumstances in the instant case neither court had the power or authority to entertain defendant's motion to withdraw his plea of guilty and to set aside the previous judgment and sentence, and defendant's appeal to the district court was ineffectual and a nullity.

The order of the district court is reversed and the case is remanded with directions to set aside the order sustaining defendant's motion to withdraw his plea of guilty in the county court, to set aside the order vacating the judgment of the county court, and to dismiss the defendant's attempted appeal.

It is so ordered.