**Fred Guadalupe TRUJILLO, Appellant,**

v.

**Harry C. TINSLEY, Warden of the Colorado State Penitentiary, Appellee.**

**No. 7704.**

United States Court of Appeals Tenth Circuit.

June 22, 1964.

Jap W. Blankenship, Oklahoma City, Okl., for appellant.

John P. Moore, Asst. Atty. Gen., (Duke W. Dunbar, Atty. Gen., Frank E. Hickey, Deputy Atty. Gen., and John E. Bush, Asst. Atty. Gen., were with him on the brief), for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

PER CURIAM.

The trial court denied, without hearing, appellant Trujillo's petition for habeas corpus relief from a judgment of a Colorado state court sentencing him for burglary and assault with intent to commit robbery. The Colorado Supreme Court affirmed the conviction (Trujillo v. People, Colo., 377 P.2d 948), and the United States Supreme Court denied certiorari (374 U.S. 849, 83 S.Ct. 1912, 10 L.Ed.2d 1069).

The prisoner urges that the evidence is insufficient because of the lack of a positive identification and because of an improper instruction on flight. Both of these grounds were urged in, and rejected by, the Colorado Supreme Court.

■ Errors of a state court in a case over which it has jurisdiction are not reviewable on federal habeas corpus unless there has been a deprivation of constitutional rights such as to render the judgment void, or to amount to a denial of due process. Bizup v. Tinsley, 10 Cir., 316 F.2d 284, 285; Gay v. Graham, 10 Cir., 269 F.2d 482, 485. In the case before us the attack on the sufficiency of the evidence raises no constitutional question. The objections to the identification go only to the credibility of the witness and the weight to be given her testimony. They are not grounds for federal habeas corpus. United States ex rel. Brogan v. Martin, 3 Cir., 238 F.2d 236, 237. The Colorado Supreme Court held the instruction on flight to be proper (377 P.2d 949) and no constitutional infirmity appears. The trial court did not err in dismissing the petition without a hearing because, taking the allegations as true, no ground for relief is established.

■ On this appeal the prisoner raises for the first time the point that he was deprived of the assistance of counsel when his case was before the Colorado Supreme Court. The point was not presented to the trial court and,

hence, is not before us for review. Latham v. Crouse, 10 Cir., 320 F.2d 120, 123, certiorari denied 375 U.S. 959, 84 S.Ct. 449, 11 L.Ed.2d 317.

Affirmed.