No. 43,935

THE STATE OF KANSAS, *Appellee*, v. CLAIR EMERSON IRISH, *Appellant*.

(393 P. 2d 1015)

Opinion filed July 14, 1964.

*Clarence R. Sowers*, of Wichita, argued the cause, and *Davis S. Carson* and *John W. Sowers*, both of Wichita, were with him on the brief for the appellant.

*Keith Sanborn*, County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, *Robert E. Hoffman*, Assistant Attorney General, *R. K. Hollingsworth*, Deputy County Attorney, *William J. Tomlinson*, Deputy County Attorney, *Martin E. Updegraff*, Deputy County Attorney, and *A. J. Focht*, Deputy County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: The defendant was charged with and convicted of the offense of manslaughter in the first degree (G. S. 1949, 21-407).

Following the overruling of his motion for a new trial, defendant was sentenced to confinement in the state penitentiary for a term of not less than five years nor more than twenty-one years (G. S. 1949, 21-421).

Defendant then made application to the court for a parole.

The application was denied.

Defendant subsequently filed this appeal from the order overruling his motion for a new trial and from the judgment and sentence.

The state contends that by applying for a parole from the sentence imposed defendant thereby recognized the validity of the judgment and acquiesced therein, thus precluding appellate review of his conviction.

The point is well taken.

In *State v. Mooneyham*, 192 Kan. 620 390 P. 2d 215 (March 7, 1964), (certiorari denied June 1, 1964, 377 U. S. 958, 12 L. ed. 2d 502, 84 S. Ct. 1640), it was held:

"When a defendant in a criminal action, following conviction and sentence in the district court and the overruling of his motion for a new trial, voluntarily makes application to the district court for a parole (to be released on probation, or for suspension of the execution of the sentence imposed), he thereby recognizes the validity of the judgment and acquiesces therein, which renders the judgment unassailable and precludes appellate review of the conviction." (syl.)

We adhere to the foregoing rule and, accordingly, this appeal must be and is hereby dismissed.

PRICE, J., dissenting: Although I did so with considerable reluctance—I nevertheless joined in the decision in the Mooneyham case. The decision has bothered me ever since and I am now convinced that it is wrong, both as a matter of principle and of law, to say that just because a defendant applies for a parole he acquiesces in the judgment and thereby is denied the right to appeal. I therefore take this first opportunity to rectify my mistake and make clear my position with respect to the rule under consideration. In my opinion this appeal should be considered on its merits rather than dismissed—and I therefore respectfully dissent.

FONTRON, J., dissenting: Our statutes grant a person convicted of crime the right to apply for judicial clemency. They also give him the right to appeal from a conviction. The defendant's application for clemency in this case may not, in my view, be considered as acquiescense in the judgment of conviction; it was simply the exercise of a statutory right of long standing. I agree with Justice Price that it is wrong to deny a defendant the right of appeal just because he applies for parole. Accordingly, I respectfully dissent.