No. 43,945

STATE OF KANSAS, *Appellee*, v. LEROY E. ROBERTSON, *Appellant*, and JERRY SNYDER, *Defendant*.

(396 P. 2d 323)

Opinion filed November 7, 1964.

*Edward Larson*, of Hays, argued the cause, and was on the brief for the appellant.

*Gregory J. Herrman*, County Attorney, argued the cause, and *William M. Ferguson*, Attorney General, and *Steven P. Flood*, Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a criminal action in which the defendant, Leroy E. Robertson, pleaded guilty to a charge of burglary involving the Union Pacific Railroad depot located at Victoria in Ellis County, Kansas. After sentence was pronounced an oral application for parole by the defendant was denied. Thereupon appeal was duly perfected to this court with the assistance of court-appointed counsel.

The controlling question is whether the appellant waived his right to appeal by making application to the lower court for a parole.

Such action on the part of a criminal defendant has heretofore been held to constitute a waiver of the right to appeal on the ground that the accused thereby recognizes the validity of the judgment and acquiesces therein, which renders the judgment unassailable and precludes appellate review of the conviction. (*State v. Mooneyham*, 192 Kan. 620, 390 P. 2d 215, cert. denied, 377 U. S.

958, 12 L. Ed. 2d 502, 84 S. Ct. 1640; and *State v. Irish,* 193 Kan. 533, 393 P. 2d 1015.)

To uphold the appellant's position herein would require this court to overrule these decisions.

The appellant, Leroy E. Robertson, on June 30, 1963, was a patient in a hospital at Russell, Kansas, along with a friend named Jerry Snyder. Together they left the hospital and traveled to Victoria, Kansas, where it is alleged they broke and entered the Union Pacific Railroad station in the nighttime and took a small amount of money and checks.

On July 3, 1963, they were charged in the county court of Ellis County with burglary and larceny in violation of G. S. 1961 Supp., 21-520 and G. S. 1949, 21-524. The appellant appeared in person without representation by counsel and waived preliminary hearing, after which he was committed to jail upon failure to post bond.

Thereafter, on the 8th day of July, 1963, an information was filed in the district court of Ellis County charging a violation of the foregoing Kansas statutes. At this time the appellant appeared before the district judge, and Edward Larson, a duly admitted and regularly practicing attorney of the State of Kansas, was appointed to represent him. Upon arraignment the appellant stood mute and the court entered a plea of not guilty on each of the charges.

On the 13th day of August, 1963, after various conferences with his court-appointed attorney, the appellant appeared before the district court and, upon motion of his attorney, count two of the information (charging larceny) was dismissed, whereupon the appellant entered a plea of guilty to a violation of the burglary count. The court accepted the plea and sentenced the appellant to not more than ten years nor less than five years pursuant to G. S. 1949, 21-523, giving him credit for time spent in jail while awaiting trial.

The appellant through his attorney then made an oral application for parole, which, after argument by counsel, was denied by the trial court, and the appellant was ordered committed to the Kansas State Penitentiary.

On the 21st day of October, 1963, the appellant requested the appointment of counsel to prosecute an appeal to the Supreme Court of Kansas, and pursuant to Rule No. 56 of the Supreme Court Edward Larson, the same attorney who represented the appellant in the trial court, was appointed to assist him in the prosecution

of his appeal. Thereupon notice of appeal was duly prosecuted to this court by his attorney.

Various questions are raised on appeal, all of which become immaterial if this court adheres to *State v. Mooneyham,* supra. On this point the appellant argues the district judge failed to advise him of his right to appeal after conviction but prior to sentencing, and such failure constitutes a violation of the equal protection of the laws guaranteed by the United States Constitution, thus requiring the appellant's release from custody. It is argued *State v. Mooneyham,* supra, is not binding on the appellant in this action "even though an oral request for a parole was made by Appellant's attorney for the reason that Appellant was not advised of his rights to appeal." The appellant argues "Any waiver of a right, if in fact the right can be waived, would certainly have to be made at such time as Appellant was aware of the fact that he was waiving such a right by his actions in asking for a parole."

It may be conceded that failure to allow an indigent criminal defendant to take an appeal with the assistance of counsel denies that equality demanded by the Fourteenth Amendment to the Constitution of the United States. (*Douglas v. California,* 372 U. S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814; and Rule No. 56 of the Kansas Supreme Court.) However, no rule of this court nor statute of this state imposes upon the district judge the specific duty of advising an indigent defendant of his right to appeal, with the assistance of court-appointed counsel, before sentencing. Actually, there is no need for such rule because the indigent defendant is provided with the assistance of counsel at the trial of his case. (G. S. 1961 Supp., 62-1304.) It must be assumed that such appointed counsel will fully and fairly represent the indigent defendant and fully advise him of his rights, including the right to appeal with the assistance of counsel. On the record here presented it may be assumed that the appellant was fully advised on this point.

The appellant's real concern is with the rule laid down in *State v. Mooneyham,* supra, that a request for parole constitutes acquiescence in the judgment and thus constitutes a waiver of the right to appeal. The appellant's counsel argues that without specific advice by the trial court concerning the appellant's right to appeal, the appellant cannot be said to have had the requisite understanding to make an intelligent waiver of that right. The fallacy of this argument lies in the fact that the underlying theory in *State*

*v. Mooneyham,* supra, is that the appellant recognizes and acquiesces in the validity of the judgment by seeking probation. He is precluded from appealing, not because he expressly and understandingly waived such right, but because he expressly and understandingly took action which, in and of itself, was inconsistent with an intention to appeal. Since his request for parole, and the consequent acquiescence in the judgment and its validity, was intentionally made, the fact that the appellant may not have understood that he would be bound by the reasonable and logical implications of his action, thereby foreclosing an appeal, is immaterial.

The appellant was present in court with his court-appointed attorney when he entered a plea of guilty to the first count, and also when he made application for parole. The circumstances disclosed by the record fully show that the attorney spoke for his client and that the appellant understood what was being done and acquiesced therein. (*State v. Spain,* 193 Kan. 1, 391 P. 2d 1001.) He thereby waived his right to appeal from the judgment and sentence under the authority of *State v. Mooneyham,* supra, and *State v. Irish,* supra, to which we adhere.

The appeal is dismissed.

PRICE, J., dissents.