No. 44,131

THE STATE OF KANSAS, *Appellee,* v. OTIS L. HASTY, *Appellant.*

(410 P. 2d 318)

Opinion filed January 22, 1966.

*Russell Schultz,* of Wichita, argued the cause, and *Larry Kirby,* of Wichita, was with him on the briefs for appellant.

*Keith Sanborn,* County Attorney, of Wichita, argued the cause, and *Robert C. Londerholm,* Attorney General, of Topeka, *R. K. Hollingsworth,* Deputy County Attorney, and *Donald Foster,* of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The defendant, Otis L. Hasty, was convicted by a jury of manslaughter in the first degree in violation of K. S. A.

21-410, and sentenced to imprisonment in the Kansas State Penitentiary pursuant to K. S. A. 21-421.

Following a preliminary examination in Sedgwick County, about which no complaint is made, the defendant was charged by an information in the district court with committing the crime of manslaughter in the first degree on January 1, 1964, by performing an illegal abortion upon the body of Carlene Whitney, a pregnant woman, which resulted in her death on that date, in violation of K. S. A. 21-410.

On May 5, 1964, the defendant came before the district court for formal arraignment. He appeared with three counsel of his own choice to represent him. Upon arraignment, the defendant entered a plea of not guilty, and the case proceeded to trial. A jury was duly impaneled, and the defendant passed each juror for cause. The state introduced its evidence, and rested. The defendant introduced his evidence and took the witness stand and testified on his behalf, and rested. The trial lasted four days, and the jury returned a verdict of guilty as charged.

Following the jury's verdict of guilty, counsel for the defendant requested time to file a motion for a new trial, which was granted. A motion for a new trial was filed and heard by the district court on May 28, 1964. The defendant introduced evidence in support of the motion and the state introduced written evidence in opposition thereto. The motion was fully argued to the district court and on that same day it was overruled.

Thereupon, the state moved the district court to pronounce sentence. The court inquired of the defendant and his counsel if he had any legal cause to show why the sentence should not be pronounced against him. The defendant, failing to show any such cause and none appearing, the court pronounced sentence in accordance with K. S. A. 21-421.

The parties are agreed that following the imposition of sentence on May 28, 1964, the defendant, by and through his counsel, made oral application to the district court for probation. (K. S. A. 62-2239.) The application was fully heard by the district court and, being well acquainted with the defendant and his family and although the situation was fraught with emotion due to the seriousness of the case, the court, after serious reflection and consideration, overruled the motion for probation.

The defendant urges that the district court committed errors

during the trial which substantially prejudiced his rights. On the other hand, the state argues that the defendant, by applying for probation from the sentence imposed, recognized the validity of the judgment and acquiesced therein, thereby precluding appellate review of his conviction and sentence. In making the contention, the state relies upon *State v. Mooneyham*, 192 Kan. 620, 390 P. 2d 215, cert. den. 377 U. S. 958, 12 L. Ed. 2d 502, 84 S. Ct. 1640, *State v. Irish*, 193 Kan. 533, 393 P. 2d 1015; *State v. Robertson*, 193 Kan. 668, 396 P. 2d 323; *State v. Baier*, 194 Kan. 517, 518, 399 P. 2d 559, and *Mooneyham v. State of Kansas*, 339 F. 2d 209 (1964).

Defendant's present counsel did not represent him at the trial, and while recognizing the force and effect of the decisions just cited, he argues that trial counsel was unaware of those decisions and that counsel made application for probation without consulting the defendant and, as a consequence, the defendant was unaware that by making application for probation he thereby recognized the validity of the judgment and acquiesced therein which placed his right to have appellate review of his conviction in jeopardy. Counsel argues that the rule announced in *State v. Mooneyham*, supra, and related cases, should be overruled and contends there is a clear distinction between probation granted and probation requested; that if probation is granted, the defendant is accepting benefits from the court after judgment and if he subsequently fails to comply with the conditions of probation set by the court, his right to appellate review should then, and only then, be considered lost; that a request for probation is not an acceptance of any benefit from the judgment of conviction and that it amounts to nothing more than an offer made to the county attorney and to the district court imposing the sentence, which should in no wise be construed to be an admission of guilt or an agreement that the verdict is correct, or used as the basis of any inference that the defendant intends to waive his right to appeal and have appellate review of the conviction.

At the defendant's request, the rule announced in *Mooneyham* and related cases has been fully reviewed and a majority of this court is convinced that the rule is sound and that the act of a defendant in voluntarily making application for probation is not inconsistent with any interpretation other than a recognition of the validity of the judgment when he seeks affirmative relief from serving the sentence imposed. In *State v. Mooneyham*, supra, it was said:

"Our statute, G. S. 1949, 62-1701, giving a defendant the right of appeal as a matter of right from a judgment against him, is clearly for his benefit and such right may be waived by him through acquiescence in the judgment (*Wilhite v. Judy,* 137 Kan. 589, 590, 21 P. 2d 317; *In re Bair,* 166 Kan. 228, 199 P. 2d 807; *State v. Morse,* 191 Kan. 328, 330, 380 P. 2d 310), or failure to perfect the appeal in the time and manner prescribed. It has been held that a waiver will be implied from any act on the part of the accused inconsistent with an intention to take an appeal, except in capital cases or where the punishment is life imprisonment. (*State v. Miller,* 165 Kan. 228, 194 P. 2d 498; *State v. Wilson,* 187 Kan. 486, 357 P. 2d 823; 24 C. J. S., Criminal Law, § 1668, p. 1047.) Likewise, the right to appeal may be waived by pursuing an alternative remedy, although the relief sought by the accused is discretionary with the court and its order of refusal cannot be appealed. (4 Am. Jur. 2d, Appeal and Error, § 270, p. 764.)

"The defendant recognized the validity of the judgment when he sought affirmative relief from serving the sentence imposed. By voluntarily making application for parole he thereby waived any alleged trial errors and acquiesced in the judgment. The rule of acquiescence rests upon the recognition of the judgment as valid. This recognition is shown by partial as well as full compliance. A defendant cannot yield obedience to a judgment and afterwards appeal from it. (*Wilhite v. Judy,* supra; *State v. Massa,* 90 Kan. 129, 132, 132 Pac. 1182; *State, ex rel., v. Piper,* 103 Kan. 794, 796, 176 Pac. 626; *Mick v. Wilson,* 130 Kan. 536, 539, 287 Pac. 257.) See, also, *A. P. Brown v. State,* 5 Okla. Cr. 667, 115 Pac. 606.

"The fact that the relief sought was discretionary with the district court and that relief was denied, does not change the character of the defendant's express consent to the validity of the judgment. Under the circumstances which attend, the judgment of February 8, 1963, became unassailable, and the defendant's right to a review of the conviction by an appellate court is barred." (l. c. 622, 623.)

In *State v. Irish,* supra, the rule announced in *Mooneyham,* supra, was adhered to and the appeal was dismissed.

In *State v. Robertson,* supra, it was said:

"The appellant's real concern is with the rule laid down in *State v. Mooneyham,* supra, that a request for parole constitutes acquiescence in the judgment and thus constitutes a waiver of the right to appeal. The appellant's counsel argues that without specific advice by the trial court concerning the appellant's right to appeal, the appellant cannot be said to have had the requisite understanding to make an intelligent waiver of that right. The fallacy of this argument lies in the fact that the underlying theory in *State v. Mooneyham,* supra, is that the appellant recognizes and acquiesces in the validity of the judgment by seeking probation. He is precluded from appealing, not because he expressly and understandingly waived such right, but because he expressly and understandingly took action which, in and of itself, was inconsistent with an intention to appeal. Since his request for parole, and the consequent acquiescence in the judgment and its validity, was intentionally made, the fact that

the appellant may not have understood that he would be bound by the reasonable and logical implications of his action, thereby foreclosing an appeal, is immaterial." (l. c. 670, 671.)

In *State v. Baier,* supra, it was said:

"The record further reflects that when sentence was pronounced by the trial court, defendant requested a parole from the trial court. Recently in *State v. Robertson,* 193 Kan. 668, 396 P. 2d 232, Syl., this court restated its long-established rule that a defendant, by applying for a parole, recognizes the validity of the judgment and acquiesces therein. . . ." (l. c. 518.)

In *Mooneyham v. State of Kansas,* supra, Mooneyham appealed from an order of the federal district court for the district of Kansas dismissing his petition for a writ of habeas corpus wherein he alleged that the rule announced by this court in *State v. Mooneyham,* supra, deprived him of his basic right to appeal in violation of the provisions of the Constitution of the United States. He contended that K. S. A. 62-1701, *et seq.,* gave him a right to appeal from his conviction in the state district court to the supreme court of Kansas and that this court's decision was an unconstitutional discrimination against him. The Circuit Court of Appeals (*Mooneyham v. State of Kansas,* supra) affirmed the federal district court's denial of his petition for a writ of habeas corpus and held that the right to appeal in criminal cases is not guaranteed by the federal constitution; that a state consistent with due process may provide for appeal by convicted defendants in criminal cases on such terms as it deems appropriate and that no relief to state prisoners is available in federal courts when fundamental rights guaranteed by the United States Constitution have not been violated. In the opinion it was said:

"In considering the effect of an application for parole under the Kansas statute after sentence has been imposed, the Kansas Supreme Court has construed such application to be a waiver of any trial errors and an acquiescence in the judgment. It is said that '[t]he rule of acquiescence rests upon the recognition of the judgment as valid.' *State v. Mooneyham,* supra, 390 P. 2d at 217. In a later case the Supreme Court of Kansas adhered to the Mooneyham rule. *State v. Irish,* 193 Kan. 533, 393 P. 2d 1015. This construction of the Kansas statutes applies to every defendant making application for parole under similar circumstances, and as so construed is not an unconstitutional discrimination. The decision of the Supreme Court of Kansas in this respect is not reviewable on federal habeas corpus. *Trujillo v. Tinsley,* 10 Cir., 333 F. 2d 185; *Sandoval v. Tinsley,* 10 Cir., 338 F. 2d 48." (p. 210.)

The defendant's argument that trial counsel was unaware of the effect of the decisions of this court heretofore cited when they made

application for his probation, and that they did so without consulting him, is not forceful. The defendant was personally present in court with able and experienced counsel who were competent to represent him. The record fairly shows that his attorneys were speaking for him and that he understood what was being done. In *Johnson v. Crouse,* 191 Kan. 694, 383 P. 2d 978, it was said:

". . . since there is no evidence of bad faith, petitioner must be held to be bound by the acts of his attorney when the acts were performed in his presence and without his objection. This has long been the rule with respect to retained counsel (*Miller v. Hudspeth,* supra. Syl. ¶ 14), and the administration of criminal justice dictates a similar rule where counsel is court appointed." (l. c. 699.)

See, also, *State v. Spain,* 193 Kan. 1, 391 P. 2d 1001; *State v. Robertson,* supra, and *State v. Burnett,* 194 Kan. 126, 131, 397 P. 2d 346. No valid reason has been presented and we know of none whereby, under the circumstances, it can be said the defendant was unaware of the fact that an application for probation had been made for him, or that his counsel did not speak for him, or that he did not understand what was being done and its import, and acquiesced therein.

In view of the foregoing, we conclude that the defendant waived his right to appeal from the judgment and sentence, and under the authority of *State v. Mooneyham,* supra, and related cases heretofore cited to which we adhere, this appeal is dismissed.

It is so ordered.

FONTRON, J., dissenting: Although I realize that the rule laid down in *State v. Mooneyham,* 192 Kan. 620, 390 P. 2d 215, cert. den. 377 U. S. 958, 12 L. Ed. 2d 502, 84 S. Ct. 1640, has become the settled law of this state, I am constrained, once more, to express my disagreement. In my judgment, it is nonsense to say that the defendant in this action had acquiesced in and recognized the validity of the judgment against him by virtue of the application for probation which had been made on his behalf by counsel. I would entertain this appeal on the merits.

PRICE, J., joins in the foregoing dissent.

O'CONNOR, J., dissenting: This is the first opportunity I have had to register my opposition to the rule enunciated in *State v. Mooneyham,* 192 Kan. 620, 390 P. 2d 215, cert. den. 377 U. S. 958, 12 L. Ed. 2d 502, 84 S. Ct. 1640, and adhered to in numerous, subsequent cases cited in the majority opinion.

The right to appeal in a criminal case is a statutory right granted by the state through the legislature (*State v. Coletti*, 102 Kan. 523, 170 Pac. 995) and is not a right guaranteed by the federal constitution (*Mooneyham v. State of Kansas*, 339 F. 2d 209). The legislature, by K. S. A. 62-1701, has provided a defendant in a criminal case the right to appeal to the supreme court as a matter of right from any judgment against him. In my opinion, the rule in *Mooneyham* constitutes an unwarranted deprivation of that right by seizing upon and liberally applying the rule of acquiescence which has consistently been applied in civil cases.

The rule is well stated in *In re Estate of Hill*, 179 Kan. 536, 297 P. 2d 151:

"In this state it is an established rule of law that a party who voluntarily acquiesces in, ratifies or recognizes the validity of a judgment, order or decree against him, or otherwise takes a position which is inconsistent with the right to appeal therefrom, thereby impliedly waives or is estopped to assert his right to have such judgment, order or decree reviewed by an appellate court. In other words, anything that savors of acquiescence in a judgment cuts off the right of appellate review." (Syl. ¶ 1.)

These same elements are recognized in the *Mooneyham* opinion and form the basis of the decision rendered therein.

The statutory right of appeal in a criminal case is of such fundamental importance that the court should be extremely cautious in finding a waiver thereof as a mere matter of inference. (4 Am. Jur. 2d, Appeal and Error, § 270; 24 C. J. S., Criminal Law, § 1668.)

In *State v. Harmon* (Mo.), 243 S. W. 2d 326, it was stated that an appellate court should not find that a defendant in a criminal case has waived his right or is estopped unless the record, the acts of the defendant, and all of the circumstances are inconsistent with any other interpretation. It was further observed that while an appellate court should be slow to find a waiver of the right of appeal as a matter of inference, it should do so without hesitation if the intention to waive was clear.

I cannot fathom that a request for freedom in the nature of an application for probation or for suspension of the execution of sentence (K. S. A. 62-2239) amounts to a voluntary acquiescence, ratification or recognition of the validity of the judgment of conviction. True, a defendant applying for probation recognizes a judgment, but to say he acknowledges its validity belies man's innate desire for freedom, even under supervision and regulation. It is equally difficult to rationalize that such a request is inconsistent with an intention to take an appeal. The seeking of probation is

merely the exercise of another of a defendant's statutory rights. Under the rule of the majority, the mere request that probation be granted under K. S. A. 62-2239 forecloses the right to appeal under K. S. A. 62-1724. I believe appeal rights should not be abrogated under such circumstances.

An examination of the cases cited and relied on in *Mooneyham* reveals that in nearly every instance there was the payment of fine or costs by a convicted defendant who later attempted to appeal. Additional facts were present in *State v. Morse,* 191 Kan. 328, 380 P. 2d 310. There the defendant entered a plea of guilty, was sentenced to seven days in jail and assessed fines and costs. He began *serving his sentence.* Three days later he was *granted, and accepted,* a parole, and paid his fines and costs.

Each of the cited cases, therefore, is factually distinguishable from the facts of *Mooneyham* as well as those of the instant case. The acts of the defendants were such that there was at least a partial or full compliance with the judgment. In other words, the defendants yielded obedience, to some extent at least, to the judgment. As an additional factor, in *State v. Morse,* supra, the defendant began serving his sentence and later *accepted the benefits* of a parole. There seems little doubt, and there appears to be considerable authority supporting the proposition, that a request for, and an *acceptance* of, probation will constitute a waiver of the defendant's right to appeal. (24 C. J. S., Criminal Law, § 1668.)

It could logically be argued that a defendant who contemplates appealing his conviction acquiesces in the judgment by going on to prison instead of seeking a stay of execution and remaining free while his appeal is pending. Yet K. S. A. 62-1724 (*a*) provides in such case he may appeal at any time within six months from the date of sentence. Under the *Mooneyham* rule, however, a defendant under similar circumstances who requests probation is deprived of his right of appeal. In my opinion, there is as much acquiescence in the one instance as the other, except for the element of voluntariness. The right to appeal is preserved by statute on the one hand, and by judicial rule is withheld on the other.

I believe a defendant's statutory right to appeal should not be denied simply because he applied for probation. The appeal in the instant case should be considered on the merits. I therefore respectfully dissent.

PRICE, J., joins in the foregoing dissent.