NOT DESIGNATED FOR PUBLICATION

No. 114,009

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF KINGMAN,
*Appellee*,

v.

CARLYLE W. PLOOG,
*Appellant*.


MEMORANDUM OPINION

Appeal from Kingman District Court; LARRY T. SOLOMON, judge. Opinion filed July 8, 2016.
Affirmed.

*Mark T. Schoenhofer*, of Wichita, for appellant.

*Cody R. Smith*, assistant city attorney, and *Gregory C. Graffman*, city attorney, for appellee.

Before BUSER, P.J., HILL, J., and WALKER, S.J.

*Per Curiam*:  Carlyle W. Ploog appeals from the district court's denial of his motion to appeal his municipal court conviction out of time pursuant to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). Finding no error, we affirm.


FACTS

In January 2015, the City of Kingman, Kansas (City), issued a citation to Ploog, a city resident, for violating a city ordinance imposing restrictions on parked vehicles on residential property, including limits on the amount of pavement permitted in front yards,

1

requirements that all vehicles be parked on paved areas, requirements that recreational vehicles and trailers be parked on side or rear yards, and prohibitions on the parking of large trucks on residential property. The ordinance had been adopted in September 2014.

A trial was scheduled before the municipal court on February 20, 2015. At or before that time, Ploog signed a written waiver of counsel. During the hearing, Ploog pled guilty to the charge. Immediate sentencing proceeded. Ploog was given a suspended 6-month jail sentence and fined $1,000 plus court costs and the probation fee, totaling $1,135, which Ploog paid the same day. He was also placed on 18 months' probation and ordered to bring his property into compliance with city ordinances before March 20, 2015. Following sentencing, Ploog met with the city probation officer and signed the probation order. Based upon Ploog's financial resources, he was also ordered to reimburse the City for the costs of housing, meals, and medical care incurred while he was incarcerated prior to sentencing. The court set a status hearing on the same March 20 date to ensure that Ploog had complied with the court's order.

Ploog attended the status hearing, but the parties differed as to exactly what transpired concerning Ploog's desire for counsel at the hearing. The City contended Ploog requested time to hire his own counsel, but Ploog contended that he requested an attorney be appointed by the court to represent him. Since there is no transcript of the hearing and no journal entry documenting the continuance in the record, it is unclear which version is correct. What is clear is that the court continued the hearing to April 1, 2015, but advised that there would be no further continuances of that hearing. However, there is nothing in the record to show that Ploog filed an in forma pauperis affidavit or other financial information showing he could not afford to retain an attorney.

At the April 1, 2015, hearing, Ploog again appeared pro se. Although the record only contains the journal entry—once again there is no transcript or other record of the events at this hearing—it appeared the City presented evidence, and Ploog was given the

opportunity to present evidence. After hearing closing arguments, the court ordered Ploog to serve 48 hours of jail time per weekend on 10 consecutive weekends, consecutively to weekends he was required to serve in another case. The court authorized the City to remove a bus off Ploog's property and to move any vehicle that needed to be moved to access the bus; the court ordered that the cost of towing be assessed to Ploog as a condition of probation. The court further ordered that Ploog remove all vehicles from his property except one operable vehicle parked in compliance with city ordinances. Finally, the court also ordered that all trailers on the property be parked in compliance with the ordinance or to be removed immediately.

On April 15, 2015, Ploog, through counsel, filed a notice of appeal in the district court challenging his municipal court conviction and sentence; he also requested a jury trial. In response, the City filed a motion to dismiss the appeal asserting Ploog waived his right to counsel, entered a guilty plea, and was sentenced on February 20, 2015. The City also noted that Ploog signed his probation order and paid all fines, costs, and fees on that same date. Relying on the February 20 date, the City argued that Ploog's notice of appeal was not timely under K.S.A. 22-3609. The City argued that the order from April 1, 2015, was not a sentencing hearing, but a status hearing. Alternatively, the City argued that if the April 1 hearing was deemed a probation revocation hearing, there was no provision permitting an appeal from a probation revocation order in municipal court. Finally, the City argued that Ploog had acquiesced in the court's order finding him guilty and imposing sentence.

In response to the motion to dismiss, Ploog filed a motion for permission to file his appeal out of time under *Ortiz*. Ploog asserted that his waiver of the right to counsel was confusing, that it failed to advise him of the risks of self-representation, and failed to advise him of the statutory deadline for filing a notice of appeal from any adverse decision. Ploog also noted that there was no written record showing that the municipal judge advised him of the time limit for filing a notice of appeal at the time of his

3

conviction and sentencing. Ploog asserts that he should be permitted to appeal to the district court out of time under *Ortiz* because he was not advised of his right to appeal and he was never provided counsel to perfect the appeal.

The district court held a hearing on May 1, 2015, on Ploog's *Ortiz* motion. Ploog did not individually testify, although he was represented by counsel. Ploog's attorney emphasized that Ploog had appeared pro se at every hearing at the municipal court level. Although he signed a written waiver of counsel, Ploog's counsel argued that the waiver was a "bare bones" document which failed to explain the ramifications of the waiver and the risks of self-representation. He argued that neither the attorney waiver nor the journal entry advised Ploog of any deadline to file a notice of appeal. Counsel represented that Ploog had no memory of the municipal judge telling him that he had 14 days to file a notice of appeal. Counsel also argued that the April 1, 2015, hearing was like a trial where the City presented evidence, Ploog presented evidence, and sanctions were imposed. Ploog claimed to have understood this was his sentencing and a notice of appeal was filed within 14 days from that hearing. Counsel argued that Ploog also was not provided counsel to perfect the appeal for him. Finally, Ploog argued that the April 1, 2015, order was a "modification" of his original sentencing and that he should be permitted to appeal the modification; he asserted this was not a probation violation hearing, but an additional sentencing proceeding.

After hearing arguments from both sides, the district court noted that Ploog pled guilty and was sentenced on February 20, 2015, at which time he paid all his fines and costs. Citing *State v. Morse*, 191 Kan. 328, 380 P.2d 310 (1963), the court found that Ploog acquiesced to the judgment. Moreover, the court determined that in the absence of the record from the February 20, 2015, proceedings in municipal court, Ploog was required to prove that if he had been properly informed, he would had filed a timely appeal. The court found that Ploog did not carry his burden of proving he intended to appeal his conviction or sentence at the time it was imposed on that date. Finally, the

4

court noted that there was no claim that Ploog was indigent and therefore entitled to appointed counsel, therefore, the second *Ortiz* exception did not apply.

Ploog has timely appealed from the district court's denial of his motion to appeal out of time.

ANALYSIS

In response to the district court's ruling and the City's arguments, Ploog argues on appeal that the doctrine of acquiescence does not apply in his case. Ploog notes that the case relied upon by the City and the district court—*State v. Morse*, 191 Kan. 328, 380 P.3d 310 (1963)—was outdated and based upon principles that have since been overruled.

Acquiescence to a judgment—which cuts off the right of appellate review—occurs when a party voluntarily complies with a judgment by assuming the burdens or accepting the benefits of the challenged judgment prior to or during the appeal. *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, 1271, 136 P.3d 457 (2006). Because acquiescence involves this court's jurisdiction to hear an appeal, whether a party has acquiesced to a judgment is a question of law subject to de novo review. *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 6, 287 P.3d 287 (2012), *rev. denied* 298 Kan. 1208 (2013).

The City argues on appeal, as it did before the district court, that Ploog acquiesced to the judgment because he promptly paid all the fines assessed on February 20, 2015, and signed the probation order. But our Supreme Court has recognized that a defendant's acceptance of probation does not constitute an acquiescence to a criminal judgment and thus does not preclude the right to appeal. See K.S.A. 2015 Supp. 21-6604(k) (confirming acceptance of probation is not waiver of right to appeal). *Cf. State v. Hills*, 264 Kan. 437, 440, 957 P.2d 496 (1998) (defendant's withdrawal of posttrial motions in exchange for

State's agreement to modified sentence to probation after 120-day call-back not an acquiescence). In light of the statute, the City's argument on this point fails.

The City also contends that because Ploog immediately paid all fines and costs relating to his judgment, he has accepted the burdens of the judgment and acquiesced to the same. Again, the City initially relies on pre-*Ortiz* criminal cases. It also relies on *City of Wellington v. Mendia*, No. 107,747, 2013 WL 1010585 (Kan. App.) (unpublished opinion), *rev. denied* 297 Kan. 1243 (2013). In *Mendia*, however, the defendant was convicted in municipal court of a traffic offense and appealed pro se to the district court. After a trial de novo, Mendia was again convicted; his only sentence consisted of a fine and court costs, which he paid promptly. No direct appeal was taken. Four years later, Mendia filed a motion for new trial under K.S.A. 22-3501 and for relief under K.S.A. 60-1507, which the district court denied as untimely. On appeal to this court, the panel noted that Mendia was not in custody and therefore, neither the district court nor the appellate court possessed jurisdiction to consider a motion under K.S.A. 60-1507. 2013 WL 1010585, at *1. Despite finding it lacked jurisdiction, the court also found that Mendia had acquiesced to the judgment under *Morse*. 2013 WL 1010585, at *1-2.

*Mendia* is not helpful to the City. First, Mendia waited 4 years to attempt to collaterally attack the judgment; in addition, the judgment only assessed fines and court costs. Mendia's future freedom was never conditioned on compliance with a probation order. Mendia made no claims that he did not understand his right to appeal nor is there any indication that the district court failed to advise him of his right to appeal to the appellate courts. Finally, the panel's reliance on *Morse* and the doctrine of acquiescence was mere dicta in light of its earlier determination that both the district and appellate court lacked jurisdiction under either K.S.A. 60-1507 or K.S.A. 22-3501.

Our appellate courts have recognized that the doctrine of acquiescence turns on whether a payment made consistent with the judgment is "voluntary." Whether a payment

6

is voluntary depends on the facts of the particular case, and the question is whether the payer intended to waive his legal rights. *Varner v. Gulf Ins. Co.*, 254 Kan. 492, 497, 866 P.2d 1044 (1994). Complying with a court order imposed over a party's objection does not constitute acquiescence. *Harsch v. Miller*, 288 Kan. 280, 292, 200 P.3d 467 (2009). A party is not required to risk a contempt of court order to avoid an accusation of acquiescence. *In re Metcalf Associates-2000*, 42 Kan. App. 2d 412, 423-24, 213 P.3d 751 (2009), *rev. denied* 290 Kan. 1094 (2010).

In this case, the municipal court sentenced Ploog to probation. The terms of probation included the requirement that Ploog bring his property into compliance with City ordinances and that he pay a fine and court costs. Failure to do either could lead to the revocation of his probation. Based upon the record before us from the district court, we cannot conclude that Ploog's payment of court-ordered fines and costs was voluntary for purposes of the doctrine of acquiescence. We therefore reject the City's acquiescence argument and will consider the merits of Ploog's *Ortiz* arguments.

In his appeal, Ploog's chief contention is that he is entitled to appeal his municipal conviction out of time based upon the principles of *Ortiz* and *State v. Moses*, 227 Kan. 400, 404, 607 P.2d 477 (1980). He argues that because there is no record that the municipal court advised Ploog of his right to appeal or the deadline for filing such an appeal, his motion should have been granted and his appeal to district court should have gone forward. Ploog also emphasizes that he was not provided counsel to perfect such an appeal.

This court reviews "the factual findings underlying a trial court's *Ortiz* ruling for substantial competent evidence," but it applies "a de novo standard when reviewing the ultimate legal determination of whether those facts fit within an *Ortiz* exception." *State v. Gill*, 287 Kan. 289, 293, 196 P.3d 369 (2008). To the extent this case requires

7

interpretation of a statute, such an issue also is governed by a de novo standard. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

The principles underlying *Ortiz* were recently discussed by the Kansas Supreme Court in *State v. Shelly*, 303 Kan. 1027, 2016 WL 1168301 (2016) (mandate not issued, case remanded to Court of Appeals).

"In Kansas, a criminal defendant's direct appeal must be filed within 14 days of sentencing. See K.S.A. 2015 Supp. 22-3608(c) (14-day time limit for crimes committed on or after July 1, 1993). 'The filing of a timely notice of appeal is jurisdictional. Generally, the failure to file a timely notice of appeal requires dismissal of the appeal. [Citations omitted.]' *Albright* [*v. State*], 292 Kan. [193], 197[, 251 P.3d 52 (2011)]. In the interest of fundamental fairness, however, this court recognized three exceptions in *Ortiz* to the dismissal requirement. [Citations omitted.]

'The Ortiz exceptions recognize that an untimely appeal may be allowed in the direct appeal from a conviction and sentence if a criminal defendant either (1) was not informed of the right to appeal at sentencing or by counsel, (2) was indigent and not furnished counsel to perfect an appeal, or (3) was furnished counsel for that purpose who failed to perfect and complete an appeal.' [Citations omitted.]" *Shelly*, 303 Kan. at 1036.

To the extent Ploog relies on the first prong of *Ortiz*—that he was not properly advised of his right to appeal—the court must consider a three-part, burden-shifting framework. The defendant must first show from the sentencing hearing transcript that the judge failed to inform the defendant of his or her appeal rights. *State v. Smith*, 303 Kan. 673, 678, 366 P.3d 226 (2016). In this case, there was no transcript as municipal courts are not courts of record. We believe in this instance that basic concepts of justice and fair play require us to construe the silence of the record as constructive proof of failure to inform Ploog of his appeal rights. To rule otherwise in this case would mean that Ploog is

8

required to prove the existence of a negative, a virtually impossible task. Thus, we find that Ploog should be deemed to have implicitly met the first step of the requirement.

The next step requires the prosecutor to prove that the defendant possessed actual knowledge of his or her appeal rights by some other means, whether based on the terms of the plea agreement or other information. *Smith*, 303 Kan. at 678. Although the City represented that the municipal court judge, a former district magistrate judge, had a practice of informing defendants regarding waivers of their right to counsel, there was no indication that the City claimed the judge verbally informed Ploog of his appeal rights or that Ploog knew of those rights from another source. Although Ploog apparently was involved in another municipal court proceeding, he consistently appeared pro se in this case. There is nothing in the record to support a finding that Ploog knew of his appeal rights at the time relevant for this appeal.

As a result, we must proceed to the third step of the analysis. In this step, the burden shifts back to the defendant to prove that had he or she been properly informed of his or her rights, a timely appeal would have been pursued. *Smith*, 303 Kan. at 678. This is the Achilles heel of Ploog's entire appeal to us.

Although Ploog's counsel asserts he would have filed an appeal, the district court did not find that assertion credible, even under a preponderance of the evidence standard. The court noted Ploog immediately paid his fines and failed to take any action until the court sanctioned him several weeks later for failing to bring his property into compliance. Of critical importance, Ploog did not testify under oath at the district court hearing. He relied solely on the arguments of his counsel that he intended to take an appeal from the original sentencing but did not understand the process. Nor did Ploog explain why he did not hire an attorney until after sanctions had been imposed because he failed to bring his property into compliance. In summary, based upon the record before the district court at the time, there is substantial competent evidence to support the district court's finding that

9

Ploog failed to prove that he would have appealed his municipal court conviction dated February 20, 2015, even if he had been properly advised of his right to appeal.

Ploog also argues that he was not provided counsel to perfect his appeal. In doing so, he asserts the waiver of counsel he signed in the district court was inadequate. However, Ploog again fails to establish that he financially qualified for court-appointed counsel in this case. There are no financial records bearing on Ploog's ability to hire counsel in either the municipal court documents or the district court's file. In fact, Ploog never argues in the present case that he was entitled to appointed counsel or that he was indigent. Moreover, it appears he ultimately retained his current counsel to represent him in his belated appeal to the district court. Notably, the municipal court found that Ploog's finances were adequate to require him to pay for his room and board costs while he was in jail, a finding which Ploog did not dispute.

A court is only obligated to appoint counsel to represent a defendant if (1) the charges are of a nature that the defendant is constitutionally entitled to the right to counsel, *i.e.*, *Alabama v. Shelton*, 535 U.S. 654, 658, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002) (suspended sentenced in misdemeanor case that may result in "actual deprivation of a person's liberty" is case in which defendant is entitled to counsel), and (2) the defendant wishes to be represented by counsel and cannot afford to hire counsel. See K.S.A. 22-4504 (defendant entitled to counsel but financially unable to employ same shall file affidavit establishing financial inability to pay for counsel).

Because Ploog waived his right to counsel before the municipal court and never established that his financial situation required appointment of counsel at the district court level, Ploog cannot now argue that the court erred in failing to appoint counsel for him as a basis to appeal out of time. If Ploog was indigent, both he and his attorney failed to advise the district court of that fact. Their silence is not grounds to permit Ploog to appeal out of time.

Affirmed.