No. 44,075

THE STATE OF KANSAS, *Appellee*, v. PAUL FOULK, *Appellant*.

(404 P. 2d 961)

Opinion filed August 17, 1965.

*Albert S. Teed*, of Hutchinson, argued the cause, and was on the brief for the appellant.

*Lane H. Cronhardt*, county attorney, argued the cause and *Richard J. Rome*, Hutchinson, was on the brief for the appellee.

The following opinion was prepared by MR. JUSTICE ROBB and approved by the court during his lifetime:

This is an appeal from the trial court's order of August 20, 1964, which summarily denied defendant's second motion under K. S. A. 60-1507 seeking an order vacating the judgment and sentence entered approximately five years previously in the Reno county district court case No. 6813 of State v. Foulk.

Briefly, the salient facts are that on July 7, 1964, in district court case No. 13985 under K. S. A. 60-1507, defendant filed a motion to vacate the judgment and sentence in case No. 6813, and on the same day, Albert S. Teed, a duly qualified and practicing attorney of Reno County, Kansas, was appointed as attorney to represent defendant.

The case was set for hearing on July 13, 1964, and on that date defendant appeared with his court-appointed counsel, withdrew

his motion in case No. 6813, and asked that the matter be dismissed, which was done.

A complaint had been filed on October 18, 1960, charging defendant with the commission of a felony, concealing a mortgaged automobile of the value of more than $50.00, in violation of G. S. 1949, 58-318. On October 21, 1961, the court appointed Kenneth F. Ehling, as attorney for defendant and he thereafter appeared for and represented defendant throughout his preliminary hearing, his binding over to the district court, and trial therein. Ehling requested, and defendant was granted, a two year bench parole beginning November 8, 1961.

On June 1, 1962, as a result of the state's motion of May 14, 1962, and hearing, the bench parole was revoked by the same judge who had granted it for the reasons that,

". . . (a) defendant violated the laws of the state of Kansas, and (b) defendant failed to pay the court costs and restitution, as ordered by the court."

On August 20, 1964, defendant filed a second motion under 60-1507 which was denied on the same date, and on August 31, 1964, defendant filed a notice of appeal from the trial court's order summarily denying defendant's second motion under 60-1507.

Through a civil proceeding K. S. A. 60-1507 provides a new approach to an individual serving time in one of our penal institutions to have the propriety of his criminal trial, prosecution and sentence reviewed by the same court which conducted the same. We believe the provisions of the statute are clear, unambiguous and definite in their entirety and fully reflect the intention of the legislature to grant an applicant or petitioner a right to compel such a proceeding. K. S. A. 60-1507 (a) provides:

"A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the State of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence to vacate, set aside or correct the sentence."

K. S. A. 60-1507 (c) provides:

"The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

We pause to emphasize that we are not here deciding any other points raised or the propriety of other remedies or means of approach which may be open to defendant.

We are of the opinion the statute means just what it says and until a future legislature sees fit to make any change, modification or enlargement thereof, this defendant properly commenced the proceeding under 60-1507 (a) whereby he could have had a full hearing, but when he and his counsel withdrew and dismissed the motion and case respectively, that matter was finally concluded and any further attempt to seek the same relief would be a second or successive attempt which is forbidden by 60-1507 (c). Thus the trial court did not err in his order of August 20, 1964, summarily denying defendant's second motion under K. S. A. 60-1507 (a).

Judgment affirmed.

FONTRON, J., not participating.