**Loyd A. GRANT, Appellant,**

v.

**The STATE OF OKLAHOMA and Ray H. Page, Warden, Oklahoma State Penitentiary, Appellee.**

**No. 9108.**

United States Court of Appeals
Tenth Circuit.

Aug. 21, 1967.

---

Jon F. Kidneigh, Denver, Colo., for appellant.

Charles L. Owens, Asst. Atty. Gen. (G. T. Blankenship, Atty. Gen., on the brief), for appellee.

Before LEWIS, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

Appellant, Loyd A. Grant, a state prisoner serving a fifty year sentence after conviction for the crime of first degree manslaughter, appeals from a denial of his petition for a writ of habeas corpus.

The petition filed in the trial court was not artfully drawn but as grounds for the granting of a writ alleges generally certain claimed trial errors and that petitioner "was denied fair and equal protection of the law." At the beginning of the evidentiary hearing below, counsel for the petitioner advised the court that he was relying upon the contention that petitioner was denied effective assistance of counsel in the state court criminal trial which resulted in the sentence now being served by petitioner. With the assent of the trial judge, evidence was presented on this issue and we deem the issue to have been properly before the trial court for a factual determination. Two evidentiary hearings were held, one at McAlester, where two witnesses testified, and the other at Duncan, where the testimony of nine witnesses was produced.

Counsel for appellant has ably presented here the contention that appellant, in his state court criminal trial, did not have the effective assistance of counsel and thus he was deprived of a right guaranteed by the Constitution. To support this contention counsel argues that six eye witnesses to the shooting, including the estranged wife of appellant, were not called to testify in the state prosecution by the court appointed counsel on behalf of appellant; that two witnesses, who were subpoenaed to testify about the quarrelsome disposition of the deceased, did not testify; and, that the appointment of counsel only eight days prior to trial and such counsel's failure to request a continuance to enable him to properly prepare are other important circumstances supporting appellant's contention.

Like the trial judge, we have before us and have carefully read the transcript of the state court proceedings. That record compels us to conclude that appellant did have the effective assistance of counsel. Such court appointed counsel carefully participated in the selection of the jury; his opening statement to the jury clearly presented his client's claim of self-defense; his cross-examination of the witnesses for the state was good; his objections to some of the evidence adduced by the state were timely and appropriate; his examination of the accused, as a part of the defendant's case, again clearly presented the claim of self-defense to the jury; and, his final argument to the jury summarized well and accurately all of the evidence in the case supporting the accused.

This court has spoken many times as to what factual showing must be made to support the claim of ineffective assistance of counsel.[1] We must

---

1. See Johnson v. United States, 10 Cir., 380 F.2d 810, and cases there cited.

be able to conclude that the legal representation is so lacking as to make the trial a mockery, a sham or a farce.

The record shows that there were many patrons of the several taverns visited by the accused and the deceased on the night of the murder who could have been put on the witness stand at the trial in question. The witnesses to be used in a trial is a matter for the trial counsel to determine. It is something to be determined by the exercise of professional judgment. In this instance counsel was duty bound to produce those witnesses, if available, who would adequately present to the jury the issue of self-defense. We believe the court appointed counsel fulfilled his duty in this respect.

This opinion need not be prolonged by a recitation of what each of the available witnesses either testified to or would have, if called, testified to. The testimony of the so-called eye witnesses not called to testify and pointed out now by appellant as very important testimony is nothing more than corroborating and cumulative evidence. We are unable to conclude that such testimony adds anything, of substance, to all of the other evidence presented by appellant on the issue of self-defense. It is apparent that the estranged wife had no real interest in appellant's trial and had she been called as a witness for appellant may well have caused appellant's case more harm than good. Of the two witnesses subpoenaed to testify about the quarrelsome nature of the deceased, one did not respond to the subpoena and the other appeared in court in a drunken condition. Very little reliance would be given by the jury to the testimony of any such witness.

The trial of every contested case requires the exercise of judgment as to what witnesses to use or not to use and what particular trial technique should be resorted to. After a case is lost counsel can always speculate as to what he might have done to have won the case. That is the situation here. From the entire record, we must conclude that appellant did have the effective assistance of counsel in his state court trial.

Affirmed.