**Joe Neal KERNS, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–62–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Aug. 20, 1968.

OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for habeas corpus filed *in forma pauperis* by Joe Neal Kerns, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner is presently serving a sentence for twenty years in the Virginia State Penitentiary pursuant to his conviction on January 22, 1960, in the Circuit Court of Scott County, Virginia, for murder in the first degree. Petitioner did not appeal from the conviction, but subsequently sought a writ of habeas corpus in the State Court on the same grounds that are presently alleged before this court. After a full plenary hearing the Scott County Circuit Court denied the writ, and on appeal that decision was affirmed by the Virginia Supreme Court of Appeals. Thus petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C.A. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner alleges that his constitutional rights were violated in at least three instances at the murder trial in the Scott County Circuit Court as follows:

1. Petitioner was denied a preliminary hearing as guaranteed by State Statute.

2. Petitioner was denied a mental examination although one is provided for by State Statute.

3. Petitioner was denied the effective assistance of counsel.

Petitioner in his first allegation says that he was denied a preliminary hearing without ever waiving his right to such a hearing. Petitioner offers no evidence to show that he was prejudiced by the lack of a preliminary hearing; he contends only that the absence of the hearing *per se* was a denial of his constitutional rights. The records in the trial court state that the preliminary hearing was waived. Without deciding whether the preliminary hearing was waived or denied, the court points out that a preliminary hearing is not a constitutional right guaranteed either by the Virginia or the United States Constitution. Dillard v. Bomar, 342 F.2d 789 (6th Cir. 1965); Snyder v. Common-

wealth, 202 Va. 1009, 121 S.E.2d 452 (1961). The preliminary hearing is only a statutory right given by § 19.1–163.1 of the Va.Code Ann. (1960 Replacement Vol.). It it not a critical stage in the proceedings, and a denial of the preliminary hearing is not sufficient grounds for habeas corpus. See Vess v. Peyton, 352 F.2d 325 (4th Cir. 1965); Garrison v. Johnston, 104 F.2d 128 (9th Cir. 1939); Gibson v. Peyton, 262 F.Supp. 574 (D.C.1966).

 Petitioner's second allegation is also without merit. Petitioner was not denied a mental examination. There is no record of a request for such examination being made. Both of petitioner's attorneys stated at the plenary hearing that petitioner never requested a mental examination and testified further that they never requested that the court provide a mental examination for their client. Petitioner had no history of any mental examination for their client. Petitioner had no history of any mental defect and apparently showed no warning signs to his attorneys or to the court during the proceedings. There is no constitutional guarantee that every person indicted for a felony is entitled to a mental examination. Va.Code Ann. § 19.1–228 (1960 Replacement Vol.) provides that if the court or the commonwealth's attorney has reason to believe a defendant's mental health is in question, the court may commit the defendant for mental examination. But this statute places no obligation in cases such as petitioner's where there was no reason to doubt petitioner's mental health. Tilton v. Commonwealth, 196 Va. 774, 85 S.E.2d 368 (1955). Furthermore this statute is permissive and not mandatory. Petitioner's mental health was never questioned before trial, and he was presumed to be sane. Splitt v. United States, 364 F.2d 594 (6th Cir. 1966).

Petitioner's third allegation is that he was denied the effective assistance of counsel. Yet, petitioner was represented by two experienced attorneys of his own choosing. Petitioner's father employed the attorneys around the 25th day of August, 1959, and petitioner's trial was not held until January 21, 1960. Thus, petitioner's counsel had almost five months to prepare for the trial. Petitioner's counsel testified that they had many consultations with petitioner before the trial; that they had gone to the scene of the crime to investigate the shooting; that they had interviewed many witnesses including twenty names given them by petitioner; and that they had put on evidence for petitioner and cross examined the prosecution's witnesses. Petitioner argues, however, that his counsel did not call Andrew Starnes as a witness although Andrew Starnes was important for the defense and was one of the twenty names on the list given by petitioner to his counsel. Petitioner's counsel testified that they interviewed Andrew Starnes, took a statement from him and had him subpoenaed to appear in court although they are not sure whether Andrew Starnes testified.

 Petitioner's counsel apparently on the basis of their trial tactics and best judgment refused to call Andrew Starnes, one of twenty witnesses requested by petitioner. This is not grounds for finding that petitioner received ineffective representation. See Vess v. Peyton, 352 F.2d 325 (4th Cir. 1965). The failure to call witnesses is a matter within the attorney's judgment, and it generally cannot be relied upon as grounds for habeas corpus. Tompa v. Commonwealth of Virginia ex rel. Cunningham, 331 F.2d 552 (4th Cir. 1964). Petitioner's counsel prepared diligently and represented petitioner effectively. The court can find no merit in petitioner's third allegation. On the contrary the court feels that petitioner was well and ably represented as indicated by the fact that he received the minimum possible sentence for his conviction of murder in the first degree.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, the court finds that petitioner received effective representation and that none of his constitutional rights

were denied by the absence of a preliminary hearing or a pre-trial mental examination.

All necessary facts were sufficiently disclosed in petitioner's plenary hearing before the Scott County Circuit Court on October 10, 1967, for this court to rule in this case. Therefore, it is unnecessary to hold a hearing for determination of any additional facts. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is, denied.

The Clerk of this court is directed to send a certified copy of this opinion and judgment to petitioner and to the respondent.