Otis L. HASTY, Petitioner,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Respondent.

Civ. No. L–389.

United States District Court
D. Kansas.

Oct. 16, 1968.

Russell Shultz, Wichita, Kan., for petitioner.

Edward Collister, Asst. Atty. Gen., State of Kansas, Topeka, Kan., for respondent.

MEMORANDUM

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

WESLEY E. BROWN, District Judge.

This is an application for a writ of habeas corpus brought by another state prisoner under the jurisdictional provisions of 28 U.S.C. § 2241 and subject to the limitations of 28 U.S.C. § 2254. The scope of substantive jurisdiction is limited to determining whether a state prisoner is being held in custody in violation of the Constitution, laws or treaties of the United States. See 28 U.S.C. § 2241 (c) (3) and § 2254(a).

Hasty was convicted of manslaughter resulting from an attempted abortion in 1964. On appeal, the Kansas Supreme Court refused to consider the merits of Hasty's case because under the *Mooneyham* Rule [1] an application for probation precluded an appeal. See State v. Hasty, 196 Kan. 5, 410 P.2d 318 (1966). Although this Circuit has held the *Mooneyham* Rule to be constitutional,[2] the Kansas Supreme Court has since overruled its case law premising the rule. See State v. McCarther, 197 Kan. 279, 416 P.2d 290 (1966).

After the *McCarther* decision was rendered, Hasty made an application to reinstate his appeal, which was denied by the Kansas Supreme Court. This followed denials of previous motions for rehearing and for stay of execution of the sentence by the same court along with the denial of his application for a stay of execution by the United States Supreme Court. [See Exhibits attached to traverse (Dkt. #7 of Case No. L–389)].

Hasty then filed his first petition for a writ of habeas corpus in this Court,

1. State v. Mooneyham, 192 Kan. 620, 390 P.2d 215 (1964), cert. denied 377 U.S. 958, 84 S.Ct. 1640, 12 L.Ed.2d 502.

2. Mooneyham v. Kansas, 339 F.2d 209 (10th Cir. 1964).

which was denied for failure to exhaust state remedies.[3] He filed a K.S.A. 60–1507 motion to vacate which was denied by the state trial court after consideration on the merits. He sought to appeal the denial but abandoned the appeal and filed his second habeas corpus petition with this Court.[4] We determined that Hasty had by-passed his state remedies and dismissed the case. Hasty then filed a K.S.A. 60–1501 petition for a writ of habeas corpus, but the Kansas Supreme Court summarily dismissed it. Subsequently he filed a motion for rehearing with this Court but we declined to re-open the case. Instead, we considered the motion as a new application for a writ of habeas corpus and hence we have the case at bar. This Court issued an Order for a rule to show cause which was answered and traversed. The matter was heard on August 12, 1968, Hasty being present and represented by appointed counsel. After submission of briefs of both the parties, the case was taken under advisement.

We are once again faced with the continuing dilemma caused by the filing of state prisoner habeas corpus applications in the Federal Court System. This is one of the difficult areas for which resolution is sought at the Federal Judicial Center in Washington, D. C. See Mr. Justice Tom Clark "The New Federal Judicial Center" 54 A.B.J. Pp. 743, 744 (Aug. 68).

In 1966 the Federal habeas corpus statutory scheme was considerably amended. See Pub.L. 89–711; 3 U.S. Cong. & Adm.News 1966 P. 3633. Fore-shadowing these amendments was "The Grand Trilogy of 1963", three cases[5] in which the United States Supreme Court attempted to set down the guidelines to be followed in the disposal of habeas corpus matters under 28 U.S.C. § 2254 in the Courts of the United States. Pertinent at this juncture is the limitation of the exhaustion principle under the former 28 U.S.C. § 2254 to state remedies still open to the prisoner at the time he files his application in Federal Court. See Fay v. Noia.[6] That portion of *Noia* is embodied in § 2254(b) and (c), as amended in 1966.

The situation confronting the Court in the case at bar is that since his conviction in 1964 Hasty has been unable to have his cause heard on the merits on direct appeal because of his request for probation. The Kansas Supreme Court has refused to entertain a direct application for a writ of habeas corpus by way of K.S.A. 60–1501. Further, Hasty filed a K.S.A. 60–1507 motion to vacate which was denied by the state trial court after consideration on the merits. He failed to consummate an appeal to the state supreme court. To ask Hasty to file a second 1507 application would be futile for the reason that the law of Kansas is to the effect that second or successive applications for similar relief need not be entertained. See K.S.A. 60–1507(c); State v. Foulk, 195 Kan. 349, 404 P.2d 961 (1965). It is now some four and a half years following Hasty's conviction and he has no prospect of getting the merits of his cause before the state supreme court for consideration.

It must be remembered that the rule of exhaustion is not one defining power but one which relates to the appropriate exercise of power. Fay v. Noia.[7] Put another way, the exhaustion principle under § 2254 is a matter of comity and not jurisdiction. Wood v. Crouse, 389 F.2d 747, 749 (10th Cir. 1968). Part of the Federal habeas cor-

---

3. Hasty v. Crouse, No. 4078 H.C. (D.Kan. Aug. 9, 1966) (Brown, J.)

4. Hasty v. Crouse, No. L–225 (D.Kan. Oct. 18, 1967) (Brown, J.)

5. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

6. 372 U.S. 435, 83 S.Ct. 822, 9 L.Ed. 2d 867.

7. 372 U.S. 420, 83 S.Ct. 822, 9 L.Ed.2d 858.

pus statutory scheme is 28 U.S.C. § 2243, the last paragraph of which commands the Federal courts to dispose of the matter as law and justice require. We recognize that habeas corpus has traditionally been governed by equitable principles [8] and we therefore feel that the unusual circumstances of this case warrant its consideration on the merits.

The grounds on which Hasty bases his allegation that he is being held in custody in violation of the Federal Constitution may be summarized to wit:

1. He was deprived of a fair trial by reason of the acts of one of the jurors.

2. He did not make a knowing waiver of a twelve man jury.

3. A warrantless search of his office was conducted on January 1, 1964.

4. He was inadequately represented by counsel at his trial.

5. The District Court of Sedgwick County, Kansas lost jurisdiction during the course of his trial.

6. His remedies in the state courts are inadequate and ineffective.

Hasty complains that he was deprived of a fair trial because of the actions of one Arnold Gregory, a juror. He also contends that his waiver of a twelve man jury is invalid. After consideration of the trial transcript, the transcript of the motion for a new trial, the transcript of the arguments at the 60–1507 hearing and the testimony of the hearing in this Court on August 12, 1968 the following appears to have occurred with respect to the conduct of the jurors and the waiver of the twelve man jury.

Hasty was placed on trial in the District Court of Sedgwick County, Kansas beginning May 5, 1964. Throughout his trial Hasty was represented by Messrs. Warner Moore and Phillip Leon, both retained counsel. He also had the assistance of Mr. George Hasty, his father, who is a lawyer. Following the evening recess of May 7, 1964 Mr. Arnold Gregory, one of the jurors in the case, approached Hasty in the lobby and engaged in conversation with him. [Trial Trans. Beg. P. 397; New Trial Trans. P. 4; Testimony of Hasty at August 12, 1968 hearing] Hasty alleges that Gregory solicited a bribe during the course of the conversation. Mr. Gregory denied any such action [Trial Trans. Beg. P. 397]; and Mr. Zinn, a witness now deceased who saw the conversation between Hasty and Gregory, could only say that Gregory had informed him that he would throw the trial for $600.00, that he had thrown another trial for $1400.00 and that he heard Gregory say, during the course of the conversation, "I'm broke." [New Trial Trans. P. 4] Gregory, who had been drinking [New Trial Trans. Pp. 3, 19–20], was excused from the jury prior to deliberation. [Trial Trans. P. 408] There is no evidence before the Court which would tend to implicate the eleven remaining jurors in either the drinking or the alleged bribe solicitation incident. [New Trial Trans. Pp. 12 and 15; Affidavits of jurors attached to the traverse (Dkt. #7) in L–389].

■■■ As a minimal element of due process, the Federal Constitution guarantees the accused the right to a fair and impartial jury in state courts. Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L. Ed.2d 751, 755 (1961). The Court finds that there is no evidence that Hasty was prejudiced by the actions of Mr. Gregory who did not participate in the deliberation and the arrival at a verdict in the case.

After both sides had rested in the case and prior to the time Mr. Gregory was excused from the jury, a conference was held in chambers. Present on that occasion were the Judge, the County Attorney, Hasty, Mr. George Hasty and Messrs. Moore and Leon. The Court stated:

[T]hat in the presence of all of us we have explained to Dr. Hasty his rights, that he is entitled to a twelve man jury if he requests it, and unless he does waive or stipulate to try the case with

---

8. Fay v. Noia, 372 U.S. 438, 83 S.Ct. 822, 9 L.Ed.2d 869.

the remaining eleven jurors the court will be compelled to declare a mistrial at this time and set the case down for trial at some later date. * * * [Trial Trans. Pp. 394–395].

Thereafter both the State and the defense consented to waiver of a twelve man jury. The Court proceeded to question Hasty as follows: [Trial Trans. Pp. 395–397].

THE COURT: Then I'll ask you, Dr. Hasty, Otis Hasty * * * if you are willing to waive your right to a twelve man jury and submit the case to the eleven remaining jurors, and will you so stipulate?

MR. OTIS L. HASTY: I'll waive the twelve man jury.

THE COURT: And you know fully what you are doing?

MR. OTIS L. HASTY: Yes, sir.

* * * * * *

THE COURT: One juror, no other rights. You will have all the rest of your rights preserved, appeal and all the other rights that any defendant would have except the right to trial by a twelve man jury and consenting to a trial by an eleven man jury.

MR. OTIS L. HASTY: I do.

Hasty contends that the waiver was not knowingly made because no one knew at the time that Mr. Zinn would testify that Gregory had told him about the three pints of whiskey in the jury room. Hasty also contends that under the Federal Rules of Criminal Procedure, the waiver must be in writing.

■ As we have already noted, Mr. Zinn's testimony in no way established that the balance of the jurors were tainted by the actions of Mr. Gregory. We think that the record clearly establishes that Hasty made a knowing waiver of a twelve man jury, after consultation with his attorneys and following an examination by the Court. What Hasty would have done had he known of Zinn's testimony at the time of the waiver is nothing more than an exercise in twenty-twenty hindsight flavored, perhaps, with

the verdict. The short answer to the second portion of the contention is that his case in state court was not covered by the Federal Rules of Criminal Procedure and the waiver was made in accordance with the Kansas rules. See K.S.A. 62–1401, entitled "Trial by court or jury"; State v. Burnett, 194 Kan. 126, 130, 397 P.2d 346 (1964); State v. Scott, 156 Kan. 11, 13, 131 P.2d 664 (1942), which cases recognize that felony trial may be to less than twelve jurors.

■ Hasty urges that a warrantless search of his office was conducted on January 1, 1964. While it is now the rule that evidence obtained by a search and seizure in violation of the Fourth Amendment to the Federal Constitution is inadmissible in state courts [Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed.2d 1081, 84 A.L.R.2d 933 (1961)], Hasty testified in his hearing before this Court (August 12, 1968) that no evidence was taken on January 1, 1964. Since there was no seizure of evidence on that occasion, there is nothing upon which the exclusionary rule can operate.

■ The next point urged by Hasty is that he was inadequately represented by counsel at his trial. While Hasty was represented at his trial by Mr. Moore, Mr. Leon and had the assistance of Mr. George Hasty, his contentions are directed only at Mr. Moore. He claims that Mr. Moore (a) failed to question jurors as to possible prejudice against Chiropractors, (b) should not have allowed him to waive a twelve man jury, and (c) should not have applied for probation without his consent. The factual showing necessary to support a claim of ineffective assistance of counsel is set out in Grant v. Oklahoma, 382 F.2d 270, 271–272 (10th Cir. 1967) as follows:

We must be able to conclude that the legal representation is so lacking as to make the trial a mockery, a sham or a farce.

In his testimony before this Court (Hearing August 12, 1968) Mr. Moore, a former county attorney, stated that his

questions on voir dire examination of the jury were limited by what the court would allow. He also testified that Mr. George Hasty, after being apprised of the *Mooneyham* Rule, ordered him to ask for probation. The Court has found that there was no impropriety in the waiver of the twelve man jury. After a review of the trial transcript as well as the motion for a new trial, the Court concludes that there is no basis for a claim of ineffective assistance of counsel.

Hasty contends that the District Court of Sedgwick County, Kansas lost jurisdiction because the jurors were improperly educated by some of the testimony of Dr. Karl Neudorfer, a pathologist who performed the post mortem examination of the deceased. Hasty assigns no specific error to the testimony of Dr. Neudorfer and the Court concludes that his allegation, is merely a bald conclusion unsupported by allegations of fact and thus legally insufficient. See Martinez v. United States, 344 F.2d 325 (10th Cir. 1965) (per curiam). Hasty also alleges that the trial court lost jurisdiction because of the method used in an attempt to make contact between Hasty and Mr. Gregory. There is no showing that the procedure was not agreeable to all parties, including the defendant. Further, while the scheme was unsuccessful, Gregory was dismissed as a juror and there is no evidence before this Court which would indicate that Hasty was in any way prejudiced by such a procedure.

■■■■ In another of the landmark decisions of 1963, the United States Supreme Court held that a United States District Judge may and ordinarily should accept the facts as found by the state court in connection with a full and fair hearing. Townsend v. Sain, 372 U.S. 293, 318, 83 S.Ct. 745, 9 L.Ed.2d 770, 789 (1963). This ruling has been codified in 28 U.S.C. § 2254(d), (e) and (f), as amended in 1966. In Dentis v. Oklahoma, 376 F.2d 590, 591 (10th Cir. 1967) (per curiam) this Circuit held that prior adjudication of the law and facts in a state court proceeding is not to be ac-

cepted by the Federal Court without first determining that there is factual and legal support for such an adjudication. Speaking once again in Brown v. Crouse, 399 F.2d 311 (10th Cir. July 26, 1968) the Circuit explained the provisions of § 2254 relative to acceptance of the state court findings of fact and noted that these provisions did not eliminate the need for a hearing where there were material issues of fact yet unresolved. Finally, in Maes v. Patterson, 401 F.2d 200 (10th Cir. Oct. 2, 1968), the Circuit stated that it is the duty of the Federal Court to make an independent determination that due process was observed in the factual and legal support for state adjudications. Judge Stephan, in connection with Hasty's 60–1507 hearing, made findings as to the question of fair trial and waiver of the twelve man jury as well as the procedure used by the trial court. [See Respondent's Exhibit "A"]

Hasty's burden under § 2254 to establish that the factual determination of the state court was erroneous has not been met. To the contrary, our review of the record discloses no violations of federal constitutional rights.

We recognize in Maes v. Patterson, supra, that § 2254 does not purport to apply the finality of res judicata to any state determination of a federal right. It is, however, the function of 28 U.S.C. § 2244(b) to add finality to Federal determinations of state prisoner factual issues following a hearing. See 3 U.S. Cong. & Adm.News 1966 at P. 3664 where it is noted that the purpose of the 1966 amendment to § 2244 is for a qualified application of the doctrine of *res judicata*. This is a cogent reason for properly exercising jurisdiction over state prisoner applications and determining Federal questions on the merits after a hearing at which the prisoner is present with counsel. We have done that in the case at bar.

The Court concludes that Hasty is not entitled to a writ of habeas corpus and that all relief should be denied.

It is ordered that all relief be denied Hasty in the above entitled action; that the clerk enter judgment accordingly; and that the clerk transmit copies of this Memorandum to Hasty, to Mr. Shultz, his attorney, and to the Kansas Attorney General.