James Trent BRAY, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 69–C–13–D.

United States District Court
W. D. Virginia,
Danville Division.

May 15, 1969.

**594**

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for habeas corpus filed *in forma pauperis* by James Trent Bray, a prisoner of the State of Virginia pursuant to the provisions of 28 U.S.C.A. § 2241.

Petitioner is presently serving a twenty year sentence following his conviction for statutory rape in the Circuit Court of Pittsylvania County, Virginia, on November 18, 1966.

Petitioner appealed his conviction to the Virginia Supreme Court of Appeals which denied his petition and refused the writ of error on April 26, 1967. Thereafter, petitioner sought a writ of habeas corpus in the State Court on the same grounds that are presently alleged before this court. After a full plenary hearing the Pittsylvania County Circuit Court denied the writ, and on appeal that decision was affirmed by the Virginia Supreme Court of Appeals. Thus petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C.A. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner alleges that his constitutional rights were violated in at least four instances at the statutory rape trial in the Circuit Court of Pittsylvania County as follows:

1. Petitioner was denied adequate and effective assistance of counsel.

2. Evidence of such gravity as to change the outcome of petitioner's trial was suppressed by the prosecution.

3. Petitioner did not receive a fair and impartial trial.

4. Petitioner was generally denied due process of law.

The petitioner further alleges that he has not received a full and fair habeas corpus hearing in the state court in that the state court would not reopen the case for petitioner to present vital newly discovered evidence in his behalf.

 Petitioner's first allegation is one of ineffective assistance of counsel. Petitioner bases this allegation on the following: that his attorney did not call certain witnesses in his behalf; that his attorney allowed damaging evidence to be introduced; and, that his attorney erred in not having petitioner testify on his own behalf. The record shows that the petitioner's counsel, Mr. H. Victor Millner, did interview witnesses which petitioner told him about and had some of them present at the trial. It was the result of these interviews upon which petitioner's attorney based his judgment as to which witnesses should be used in petitioner's defense. As has been pointed out in a Fourth Circuit decision, failure of an attorney to call a witness is within the attorney's judgment and cannot be relied upon as grounds for habeas corpus. Tompa v. Commonwealth of Virginia ex rel. Cunningham, 331 F.2d 552 (1964). Petitioner's claim that his attorney allowed damaging evidence to be introduced is without foundation in fact. A careful review of the trial record shows that petitioner's counsel was very alert during the trial and was quick to make objections and quick to keep certain evidence from being introduced, guarding the petitioner's rights as fully as possible.

Petitioner further bases his ineffective counsel allegation upon the fact that his counsel advised petitioner not to testify. The record shows Mr. Millner had sound reasons for so advising his client, Mr. Bray, not to testify. Petitioner further complains of Mr. Millner's general approach or handling of the trial. It can be concluded that petitioner's first allegation is based entirely on the trial tactics and judgment of counsel, which does not constitute ineffective assistance of counsel. Hoffler v. Peyton, 207 Va. 302, 149 S.E.2d 893 (1966). The petitioner's first allegation is without merit.

Petitioner's second allegation concerns the suppression of vital evidence by the prosecution which would have changed the outcome of petitioner's conviction. The petitioner has alleged that the evidence suppressed would have changed the outcome of the trial but he has not supported this allegation with facts. The petitioner has not shown that the witnesses, who were allegedly kept from testifying, would have in fact testified in such a manner as to change the outcome of the trial. The burden of proving this allegation is upon the petitioner. If the petitioner claims a witness would have changed the outcome of the trial, then the petitioner must show how it would have so affected the outcome and show to what the witness would have testified. For this reason, coupled with the fact that this court does not feel the witnesses were suppressed, the petitioner's second allegation is groundless.

Petitioner's third and fourth allegations can be reviewed collectively. Petitioner alleged he did not receive a fair trial when considering the totality of circumstances and that he was denied due process. It is to be noted that "averments that petitioner is restrained in violation of the Constitution * * * or that he is illegally imprisoned without due process of law is a statement of mere conclusion and is insufficient to entitle petitioner to a writ of habeas corpus unless accompanied by specific allegations of fact showing it to be so." Marslin v. Schmucker, 89 F.2d 765 (4th Cir. 1937). After a full review of the record and upon mature consideration of the facts relied upon by the petitioner, this court finds that the petitioner did receive a fair and impartial trial with due process of law in which none of his constitutional rights were denied him.

In the petitioner's final allegation, he alleges that he has not received a full or fair habeas corpus hearing since the state court did not allow reopening of the case for the petitioner to present after acquired evidence. However, the petitioner has failed to show that this evidence if introduced will bear on the constitutionality of detention. This court believes it does not and agrees with the state court decision not to reopen the case. The newly discovered evidence must bear upon the constitutionality of the petitioner's detention in order to require the court to grant an evidentiary hearing. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

After reviewing the record of the habeas corpus proceeding before the Pittsylvania County Circuit Court, this court feels that the material facts were adequately disclosed so as to render any further hearing in the matter before this court unnecessary and redundant. The court has adequate evidence upon which to render its decision. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

This court being satisfied that petitioner received a fair and impartial trial, it is therefore hereby adjudged and ordered that the petition for habeas corpus be and hereby is denied.

The clerk of the court is directed to send a certified copy of this opinion and judgment to the petitioner and to the respondent.