No. 45,755

Larry Joe Collins, *Appellant*, v. State of Kansas, *Appellee*.

(463 P. 2d 1018)

Opinion filed January 24, 1970.

*Don Matlack*, of Wichita, argued the cause and *Gerald W. Scott*, of Wichita, was with him on the briefs for the appellant.

*James Z. Hernandez*, Deputy County Attorney, argued the cause and *Kent Frizzell*, Attorney General, *Keith Sanborn*, County Attorney, and *Russell Grant*, Deputy County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Kaul, J.: This appeal is from an order denying relief under K. S. A. 60-1507.

Petitioner-appellant, Larry Joe Collins, was charged in the district court of Sedgwick County in three counts; attempted burglary in the second degree, possession of a pistol after a previous conviction of a felony, and possession of burglary tools.

On May 20, 1965, petitioner, with his retained counsel, Mr. Larry Kirby, appeared before the district court. The following proceedings were had:

"The Court: All right. This is case CR 1824-65. Will the defendant waive arraignment?

"Mr. Kirby: Yes, Your Honor. The defendant waives arraignment and waives a jury trial.

"The Court: All right. Mr. Collins, although you have waived formal reading of the Information, the Court would inform you in count 1 of this Information filed by the State you are charged with the offense of attempted burglary in the 2nd degree in violation of Section 21-101 and 21-520 of the General Statutes of Kansas. In Count 2 you are charged with the offense of possession of a firearm after having been convicted of the offense of a felony in violation of 21-2611 of the General Statutes of Kansas.

"In count 3 you are charged with the offense of possession of burglary tools;

an offense commonly known as possession of burglary tools; in violation of Section 21-2437 of the General Statutes of Kansas.

"Have you discussed all of these counts with Mr. Kirby?

"The Defendant: Yes.

"The Court: Do you fully understand what you are charged with? In each of them?

"The Defendant: Yes.

"The Court: Do you have any question in this case as to the nature of any of the charges pending against you?

"The Defendant: No, Sir.

"The Court: Mr. Kirby has informed me that you wish to enter a plea of guilty to each of these three counts. You have also discussed your plea in this case with Mr. Kirby?

"The Defendant: Yes, I have.

"The Court: You understand fully what you are doing by pleading guilty?

"The Defendant: Yes.

"The Court: Is that what you, yourself, wish to do?

"The Defendant: Yes.

"The Court: The court will ask you: In each of these counts do you plead guilty because you are guilty?

"The Defendant: Yes.

"The Court: Do you have any legal reason why sentence should not be pronounced at this time?

"The Defendant: No, Sir."

The district court then accepted petitioner's plea and imposed the statutory sentence on each count. The sentences were ordered to run concurrently, which amounted to a minimum term under the circumstances.

Petitioner was sent by the district court to the Reception and Diagnostic Center for an evaluation and report.

Thereafter, petitioner was confined in the state penitentiary until placed on parole by the State Board of Probation and Parole. Later, petitioner's parole was revoked and he was again confined in the penitentiary.

We are informed petitioner's parole was revoked because of convictions of burglary and larceny affirmed by this court in *State v. Collins,* (No. 45,321), 204 Kan. 55, 460 P. 2d 573.

On March 1, 1968, petitioner made a belated attack on the sentence by filing a motion under K. S. A. 60-1507, thereby initiating these proceedings.

As grounds for his claim of unlawful detention, petitioner alleges in Paragraph No. 10 of his motion:

"(a) I entered a plea on the grounds I would make an early parole and

that all alleged charges pending against me would be treated as (one). Although some of the alleged charges could have been defeated in a short trial.

"(c) The parole acquired forced me to live in Sedgwick County, Ks., and was harassment in my latest convictions."

In Paragraph No. 11 of his motion form, which calls for a statement of facts supporting the grounds alleged in No. 10 and names of witnesses or other evidence relied upon to prove such facts, petitioner merely reasserts that his plea was induced by promises of parole. Petitioner fails to name any witnesses.

On April 8, 1968, the trial court considered petitioner's motion and examined the files and records in his criminal case.

The trial court found that the records show petitioner plead guilty because he was guilty and for no other reason, and further "that he makes no allegation that any promises were made to him by any person other than his own attorney, which promise was that if he did not appeal he would make parole, which promise was fulfilled."

The trial court further found the limitations and requirements set by the State Board of Probation and Parole were not a proper subject for inquiry by the court. The limited scope of judicial review of proceedings before the State Board of Probation and Parole is pointed out and discussed in *Johnson v. Stucker*, 203 Kan. 253, 453 P. 2d 35, cert. den. Vol. 38 United States Law Week, p. 3173 (Misc. 463), ____U. S. ____, 24 L. Ed. 2d 180, 90 S. Ct. 218.

Finally, the trial court concluded the motion of petitioner was wholly without merit and should be denied.

The trial court's journal entry of judgment was filed on April 8, 1968. Thereafter, petitioner filed a motion for a rehearing, generally reasserting contentions made in his original motion. Apparently as an afterthought, petitioner stated:

"The Court's Order states no witnesses were requested, therefore, petitioner submits and prays the Court issue an Order of Subpoena upon the following party:

"Attorney Larry D. Kirby
"331 South Hydraulic
"Wichita, Kansas 67202"

The trial court considered petitioner's motion for rehearing and ruled it presented no justiciable issue and provided no reason for changing the decision previously entered.

The record here affirmatively shows the plea to have been volun-

tarily entered and with full knowledge of the probable consequences. The only suggestion of coercion is petitioner's statement "I entered a plea on the grounds I would make an early parole and that all alleged charges pending against me would be treated as (one)." The record shows petitioner received just that: concurrent sentences on the three charges and, as he admits in Paragraph No. 9(*a*) of his motion, he made a parole.

The transcript of the proceedings and allocution in connection with petitioner's plea of guilty, considered together with petitioner's own statements in his motion, clearly indicate the trial court was justified in not granting an evidentiary hearing and denying relief.

Petitioner did not appeal from the trial court's ruling on his original motion but, as we have previously noted, he filed a motion for a rehearing. In his motion for a rehearing petitioner recites a lengthy argument, for the most part incomprehensible, and concludes by reasserting the contention that his plea was induced by his attorney's promise of a parole. The point was raised in petitioner's original motion and determined adversely to his contention. No appeal was taken from that judgment and it became final. Petitioner's motion for a rehearing, reasserting the same point, actually amounted to a successive motion. (See K. S. A. 60-1507 [*c*]; *State v. Foulk*, 195 Kan. 349, 404 P. 2d 961; *McCall v. State*, 196 Kan. 411, 411 P. 2d 647, and *Lee v. State*, 197 Kan. 371, 416 P. 2d 285.)

The appeal is wholly without merit and the judgment is affirmed.