**Howard Burnett INGRAM, Petitioner,**

v.

**James D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–34–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Nov. 16, 1970.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

On January 3, 1968 the petitioner, Howard Ingram, was convicted of grand larceny in the Circuit Court of Rockingham County. Although he was represented by a court-appointed attorney, his plea of not guilty did not persuade the jury and he received a sentence of two years. He noted an appeal but, even though his attorney was instructed to represent Ingram during the appeal, the appeal was not perfected. Subsequent judicial proceedings have been somewhat complicated.

On a petition for a writ of habeas corpus to the Circuit Court of Rockingham County filed January 12, 1970 Ingram alleged that his attorney's failure to perfect an appeal deprived him of his rights of appeal and effective counsel. The court agreed, granted a delayed appeal, and appointed counsel to represent the petitioner. Ingram perversely rejected the opportunity to appeal and instructed his appointed attorney not to carry it out. The court rejected petitioner's contention that he was entitled to release forthwith and therefore dismissed the petition. Ingram then submitted a second petition alleging that counsel's failure to perfect an appeal entitled him to a new trial. This petition was dismissed June 6, 1970. Ingram filed a notice of appeal and request for appointment of counsel but the court refused to appoint an attorney. A third petition was filed July 15, 1970 which alleged that petitioner was denied his right to effective counsel because his attorney refused to call certain witnesses in his favor and because his attorney asked the court before trial to be allowed to withdraw which the court refused to permit. The petition was denied without a hearing on the authority of Va.Code Ann. § 8–596(b) (2) (Supp. 1970) which provides, "No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Ingram again filed a notice of appeal and request for counsel and the court again refused to appoint counsel to assist the petitioner in an appeal.

Subsequently Ingram submitted a petition for a writ of habeas corpus to this court which ordered it filed *in forma pauperis*. This petition again alleges that he was denied the right to have witnesses in his favor, that the court allowed the attorney to handle the case after he requested to be relieved, and that the attorney failed to preserve the right to appeal.

An initial question arises as to whether the petitioner has satisfied the exhaustion of state remedies requirement of 28 U.S.C. § 2254. Although these claims have not been presented to the Supreme Court of Appeals of Vir-

ginia, the lower court refused to appoint counsel to assist the petitioner in appealing the dismissals of his petitions. The respondent states in his answer that the petitioner has exhausted his state remedies and it seems that Ingram may not be able to effect an appeal without the assistance of counsel. Therefore, the court believes that Ingram has effectively exhausted his state remedies.

The petitioner's actions indicate to this court that he is interested not so much in justice as he is in trying to play any legal angle or loophole possible to win his release. He insists that his court-appointed attorney's admittedly wrongful failure to perfect an appeal entitles him to a new trial. He complains that the offer of a delayed appeal insults his intelligence. The fact that counsel is ineffective in some portion of his representation does not mean that his client is thereby entitled to a new trial. If the defect can be remedied by later action, such steps should be taken. It is apparent that Ingram or the preparer of his petition has read some cases concerning denial of effective assistance of counsel in which a new trial was granted and concluded that a new trial was always necessitated by a failing of counsel. This is not so.

Section 88 of the Constitution of Virginia provides that the Supreme Court of Appeals has original jurisdiction in cases of habeas corpus. It seems clear that the Supreme Court of Appeals would have considered in a delayed appeal not only matters usually presented in an appeal but also petitioner's allegations of ineffective counsel. Counsel's performance on behalf of his client could have been examined by reference to a trial transcript. Ingram refused to consult with the attorney appointed to represent him on a delayed appeal. That attorney could have advised him as to his rights and their implications and how best to make certain they were safeguarded. Instead of availing himself of this opportunity, Ingram preferred to rely on his own estimation of the situation or the counsel of one of his prison cronies. In his attempt to outsmart the Circuit Court of Rockingham County this court believes that the petitioner has waived any further claim of ineffective representation. The courts are busy and they do not have the time to play legal games with prisoners more interested in loopholes than due process of law.

It should be noted that a delayed appeal was granted only a little more than two years after the original conviction. This is not a case, then, of an appeal many years after the original proceedings. In view of the crowded situation of many court dockets, a two year lapse doesn't seem unreasonable under the circumstances. It appears that Ingram had an effective remedy provided for him which he voluntarily and knowingly rejected.

Even if Ingram's court-appointed attorney did request the court to relieve him of representing the petitioner a showing of ineffective assistance of counsel is not made. A lawyer might request to withdraw from a case for a number of reasons but when that request is not granted the attorney has the obligation to represent his client to the best of his ability. There is nothing alleged to indicate any real reason why the attorney could not effectively represent the petitioner except for the bald allegation that the request indicated an obvious conflict of interest. The attorney's later failure to perfect an appeal is not to be excused but it appears from the state court records that he felt an appeal had absolutely no merit to it. Therefore the court feels that counsel's failure after trial does not support a fair inference of lax representation at the trial.

The further fact that counsel allegedly failed to call certain witnesses does not establish a violation of a Constitutional right. The calling of different witnesses is a matter of trial tactics and even if the tactics prove to be wrong a denial of the right to counsel is not shown. Kerns v. Peyton, 292 F.

Supp. 182 (W.D.Va.1968). The petitioner was entitled to a trial conducted in accordance with principles of due process but not necessarily to one which was perfect and free from any error. "(A) petitioner challenging the competency of counsel must clearly allege a factual situation which, if established by the evidence, would show that the representation of counsel reduced the trial to a farce or sham." Camm v. Peyton, 299 F.Supp. 485, 487 (W.D.Va.1969). This Ingram has not done.

For the reasons discussed, the petition for a writ of habeas corpus is dismissed and relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he should file with the clerk of *this* court within 30 days a notice of appeal. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1) the judgment, order or part thereof appealed from;

2) the party or parties taking the appeal; and

3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.