**Howard Burnett INGRAM, Petitioner,**

v.

**James D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–34–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Jan. 29, 1972.

Phillip C. Stone, Wharton, Aldhizer & Weaver, Harrisonburg, Va., for petitioner.

Robert E. Shepherd, Jr., Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, District Judge.

Upon remand from the United States Court of Appeals for the Fourth Circuit, the petition of Howard Burnett Ingram for a writ of habeas corpus is again before this court.

Ingram was convicted of grand larceny (auto theft) in the Circuit Court of Rockingham County on January 3, 1968, and sentenced to a two year term in the Virginia State Penitentiary. At trial petitioner represented by court appointed counsel entered a plea of not guilty and was tried and convicted by a jury. He noted an appeal, which was not perfected despite instructions to his counsel to represent him during the appeal. Subsequently he filed a habeas corpus petition in the Circuit Court of Rockingham County alleging that counsel's failure to perfect an appeal deprived him of his rights to appeal and to effective assistance of counsel. The Circuit Court granted the writ, gave Ingram an opportunity to perfect a belated appeal and appointed counsel to represent him. Ingram refused to appeal, however, contending instead that he was entitled to a new trial.

After filing two subsequent but unsuccessful habeas corpus petitions in the Circuit Court, petitioner filed in this court the petition for habeas corpus relief which forms the subject of this proceeding. In this petition, he has alleged that counsel's failure to preserve his right to appeal constituted a denial of adequate counsel. He further asserts that he was denied effective representation because counsel failed to call certain favorable witnesses and because his attorney asked the trial court to permit him to withdraw from the case, thus demonstrating a conflict or lack of interest; the request was denied by the trial court.

This court previously concluded that petitioner's claims lacked merit and

therefore dismissed the petition, 321 F. Supp. 90. On appeal, the United States Court of Appeals for the Fourth Circuit agreed that, having been granted a delayed appeal, petitioner could not thereafter allege that he had been deprived of his right to appeal. As to the remainder of the petition, however, the Court of Appeals remanded the case, directing this court to permit Ingram with the aid of appointed counsel to particularize his claims of ineffective representation and to determine whether an evidentiary hearing should be held.

■ Petitioner's major claim, that counsel's failure to call an alibi witness deprived him of adequate representation, clearly lacks merit. From the record, including recordings of the trial proceedings, it appears that petitioner's conviction rested largely upon circumstantial evidence arising from a sequence of related events. On November 16, 1967, Ingram and three other inmates were carried by truck from the state camp at Linville in order to engage in work in Dayton, Virginia. Between 8:00 and 8:30 a. m. that morning two inmates escaped from a state truck in Harrisonburg, stole a jeep vehicle, and promptly drove out of the city. Around 11:00 a. m. the jeep was found abandoned near Timberville. Within an hour, petitioner and another inmate, James Lee Sims, surrendered in Timberville to a state trooper who, with the use of a police-trained tracking dog, had been pursuing the occupants of the jeep. None of the witnesses to the Harrisonburg events specifically identified either petitioner or Sims as the felon. However, a New Market police officer who saw the jeep pass through New Market shortly after 9:00 a. m. did identify both men as the occupants. It was further established that the truck carrying petitioner and the others made three temporary stops in Harrisonburg on its way to Dayton and that petitioner and Sims were the only inmates "at large" that day.

At the evidentiary hearing in this court, Ingram testified that he and Sims

jumped out of the truck in Dayton rather than in Harrisonburg in which case he could not have committed the theft in Harrisonburg. Further, they hid in the rear of an egg truck, which then proceeded to Timberville, where they emerged and subsequently surrendered to the state trooper. Petitioner claims that Joseph Douglas, a third occupant of the truck, could have verified his assertion that he did not leave the state truck until it had reached Dayton. He alleges that counsel knew of this witness and the nature of his testimony and that counsel's failure to call him deprived petitioner of his defense.

Although Ingram was represented at trial by two attorneys, he challenges only the representation by Lewis F. Jolly, who was mainly responsible for his defense. Mr. Jolly testified that he interviewed the witnesses, including Douglas, whose proposed testimony did not appear so favorable as petitioner suggested. He also noted that the fourth occupant of the truck was unwilling to testify in petitioner's behalf, after having been requested by petitioner to do so. Counsel was moreover very familiar with the facts in the case as herein related, since he and his co-counsel represented both Ingram and Sims in their separate trials for grand larceny and escape, all of which arose from the same factual incident. It further appears that Mr. Jolly interviewed petitioner at the Linville camp at least three times—together with Sims and alone—in addition to conferences preceding the preliminary hearing and the grand larceny trial.

■ Upon these facts, this court finds that counsel conducted a proper and thorough investigation of the case, including all matters which would have suggested a defense to the charge. His failure to call as a witness Joseph Douglas, whose testimony was both uncertain and arguably prejudicial, was an error, if error at all, in the tactical conduct of the trial which did not deprive petitioner of a constitutional right. Tompa v. Commonwealth of Virginia, 331 F.2d 552 (4th Cir. 1964); Bray v. Peyton, 299 F.Supp. 593 (W.D.Va.1969).

■ Petitioner's claim that counsel's request to withdraw from the case demonstrated a conflict or lack of interest is equally without merit. It was determined at the hearing that the request was not made until after the trial had concluded and that it arose from counsel's reluctance to perfect Ingram's appeal. This court's prior consideration, and the Fourth Circuit's affirmance thereof, of the alleged infirmities surrounding the appeal forecloses any further development of alleged deprivations at that stage of the proceedings. Johnson v. Copinger, 420 F.2d 395 (4th Cir. 1969).

■ In his amended petition, Ingram challenged Mr. Jolly's representation on two other grounds, to wit: that he recommended that petitioner not testify in his own behalf and that he advised petitioner of his opportunity to plead guilty upon assurances that the commonwealth attorney would recommend a lighter penalty. Petitioner admitted at the hearing that he did not protest counsel's recommendation not to testify despite petitioner's willingness to do so. The recommendation can be considered, at most, as a mistake in trial tactics which does not violate petitioner's Sixth Amendment right to effective counsel. Bray v. Peyton, supra. Likewise, since petitioner entered a plea of not guilty to the indictment, the court can find no prejudice upon counsel's advice relating to the consequences of a guilty plea. It is proper in criminal proceedings for defense counsel to ascertain what reductions in punishment, if any, the prosecution would be willing to recommend if the accused enters a plea of guilty. Indeed, this practice in many cases may be advisable in order that counsel can more closely estimate the risks of a trial which proceeds upon a plea of not guilty. Lastly, that counsel informed or even advised petitioner to plead guilty upon the prosecution's as-

surances does not of itself indicate a lack of interest by counsel. Thus, the additional claims have no merit.

Accordingly, it is ordered and adjudged that the petition for a writ of habeas corpus be dismissed and the relief denied.