Henry Scott DAVISON, # 86307,
Petitioner,

v.

The STATE OF OKLAHOMA and Peter
A. Douglas, Superintendent,
Respondents.

No. CIV–76–0749–D.

United States District Court,
W. D. Oklahoma.

Nov. 4, 1976.

Henry Scott Davison, pro se.

Larry Derryberry, Atty. Gen., by Harold B. McMillan, Jr., Asst. Atty. Gen., Oklahoma City, Okl., for respondents.

ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by a state prisoner confined at the Lexington Regional Treatment Center, Lexington, Oklahoma, in which he challenges the validity of the judgment and sentence of the District Court of Oklahoma County, State of Oklahoma in case No. CRF–72–2350. The respondents have filed

their Response by and through the Attorney General for the State of Oklahoma and in support thereof have submitted the original record including the transcript of petitioner's trial.

The petitioner claims that his detention is unlawful on the ground that he was denied the effective assistance of counsel at trial because the Public Defender who had represented him refused to subpoena as witnesses, Robert Henderson, Willie B. Frazier, and Wallace Moore.

It appears from the court's examination of the record that petitioner, Willie Bizzell Frazier and Wallace Alexander Moore were charged by Information on the 28th of September, 1972, in said case No. CRF–72–2350 with the crime of Burglary in the Second Degree. The petitioner was also charged as a subsequent offender. The case went to trial on March 13, 1973. The State's first witness Gordon M. McCleave testified that on September 27, 1972, he was working as a member of the Oklahoma City Citizens' Band Patrol in cooperation with the Oklahoma City Police Department at the parking lot of the Oklahoma City Fairgrounds. He observed a car with four negro males parked next to a Volkswagen bus and two individuals, whom he identified as petitioner and Frazier, emerge from the car and enter the bus. He notified Officer Charles Sheldon, Oklahoma City Police Department with whom he was working of what he had seen. Sheldon then testified that when he approached the scene he observed the petitioner and Moore around the bus. While he was looking the car pulled out from its parking space next to the Volkswagen bus and was stopped by him. Frazier was driving and Robert Henderson, Wallace Moore and the petitioner were passengers. In the car he observed a Muntz Stereo Tape deck. The owner of the bus identified the stereo equipment as having been in the bus. Another officer who interviewed Frazier and the petitioner in the presence of each other testified that Frazier said petitioner had been the one who had taken the stereo unit out of the vehicle and the petitioner advised that Frazier had actually been the person

who entered the vehicle through the wing-glass. The prosecutor told the court, out of the presence of the jury, that the reason that Henderson had not been charged was because Frazier and Davison said he had nothing to do with the crime. It also appeared from Sheldon's testimony that Henderson who was not seen outside the automobile, was "in an extremely drunken condition". (Tr. 57.)

At the conclusion of the State's evidence the court sustained a Demurrer to the evidence by defendant Moore. After further hearing in chambers at which the petitioner was advised concerning his right to testify by the court and counsel, the defendants Frazier and the petitioner, in open court rested without offering any evidence. (Tr. 143.) Then prior to submission of the case to the jury Frazier changed his plea to guilty. After argument and instructions the jury in two stages found the petitioner guilty as charged and fixed his punishment at imprisonment for 21 years. Sentencing in accordance with the verdict of the jury followed on April 17, 1972. An unsuccessful direct appeal followed. The petitioner has exhausted his state remedies by a further post conviction application in the sentencing court and by appeal to the Court of Criminal Appeals concerning his present claim of ineffective assistance of counsel.

The petitioner attempts to fault his counsel for failure to subpoena as witnesses his two co-defendants and a third companion who apparently was too drunk to participate in the criminal venture. He does not specifically allege what their testimony would have been. Certainly if Frazier had testified consistently with his prior statement he would have inculpated the petitioner. The credibility of Henderson under the circumstances would have been highly questionable. Moore could hardly have exculpated petitioner without incriminating himself. It is unlikely that he would have been willing to jeopardize his fragile freedom by risking a prosecution for perjury. The tactical risk of putting any one of them on the stand would have been great. Sound professional judgment may very well have dic-

**36**

tated that the possible harm to petitioner outweighed any marginal advantage which may have been obtained. This is not a situation where the attorney refused to investigate a possible defense or to contact witnesses possessing information otherwise unknown. Undoubtedly counsel was in possession of all the facts and made a reasoned decision against the attempted use of such witnesses even as he advised the petitioner not to take the stand. See Tr. 139–143.

 Counsel is manager of the lawsuit. *Schnautz v. Beto,* 416 F.2d 214 (C.A.5 1969). He must determine in the exercise of his professional judgment the witnesses to be used in a trial. *Grant v. State of Oklahoma,* 382 F.2d 270 (C.A.10 1967). The calling of particular witnesses is a matter of trial strategy which courts ordinarily will not second guess. *United States ex rel. Walker v. Henderson,* 492 F.2d 1311 (C.A.2 1974), cert. denied, 417 U.S. 972, 94 S.Ct. 3179, 41 L.Ed.2d 1144. Although counsel's tactical choice in not calling certain witnesses may prove to be wrong this does not establish a denial of the right to effective assistance of counsel. *Ingram v. Cox,* D.C. Va., 321 F.Supp. 90 and 339 F.Supp. 891 (W.D.Va.1972). As pointed out by the court in *Johnson v. United States,* 380 F.2d 810, 812 (C.A.10 1967):

"In every case a lawyer loses, it is possible, in retrospect, to say that some different strategy or procedure might have brought about a better result. But this is not sufficient to sustain a claim of ineffective assistance of counsel."

 The failure to call witnesses by an attorney on the basis of his trial tactics and best judgment is not a constitutional violation and does not entitle a petitioner federal habeas corpus relief. *Tompa v. Commonwealth of Virginia,* 331 F.2d 552 (C.A.4 1964); *Kerns v. Peyton,* 202 F.Supp. 182 (W.D.Va.1968). There is nothing here to indicate the failure to attempt to use the witnesses was anything more than trial strategy. This falls short of stating a claim of ineffective assistance of counsel. *Cowens v. Wainwright,* 373 F.2d 34 (C.A.5 1967), cert. denied, 387 U.S. 913. In considering

similar allegations the court in *DuBoise v. State of North Carolina,* 225 F.Supp. 51, 53 (E.D.N.C.1964), stated:

"It may be presumed that court-appointed counsel have rendered competent and efficient assistance in the absence of allegations of fact from which prejudice may be reasonably inferred."

Accord *Farley v. Skeen,* 107 F.Supp. 881 (N.D.W.Va.1952). In summarily rejecting the petitioner's claim of ineffective assistance of counsel in *Mooney v. United States,* 320 F.Supp. 316, 317 (E.D.Mo.1970) the court commented:

"The petitioner's first allegation in that he was denied effective representation of counsel. His main criticism deals with the failure of his attorney to obtain the presence of a witness that he requested. This allegation of petitioner can in no way serve as a basis for the relief now claimed. Even if this court assumes that counsel did elect not to call a witness, it is settled that matters within the realm of counsel's judgment do not serve as a basis for a charge of inefficiency."

Conclusory allegations that counsel failed to call certain witnesses without indicating what the testimony would have been, how it might have affected the outcome of the case or what prejudice may have resulted from the failure to call them simply do not support a denial of the effective assistance of counsel. *Francis v. State of California,* 326 F.Supp. 83 (C.D.Cal.1971).

 The burden on the petitioner to establish a claim of ineffective assistance of counsel is heavy and neither hindsight nor success is the measure. *Ellis v. Oklahoma,* 430 F.2d 1352 (C.A.10 1970). It does not mean victorious or flawless counsel. *Brady v. United States,* 433 F.2d 924 (C.A.10 1970). The representation must have been such as to make the trial a mockery, sham or farce. *Basker v. Crouse,* 426 F.2d 531 (C.A.10 1970). Since the petitioner's sole complaint about his attorney concerns the failure to call these witnesses, under the circumstances appearing in the record here the petitioner was not denied his constitutional right to the effective assistance of counsel.

Accordingly, the Petition for Writ of Habeas Corpus will be denied.

IT IS SO ORDERED.